William F. Timm (Jacob Rieger, on the brief), for appellant.
Edward J. Maxwell, for respondent.

HIRSCHBERG, J. The action is brought in equity to compel the specific performance by the defendant of a contract for the sale of real estate, and has resulted in a judgment for damages; the specific performance being impossible. The parties had executed a written agreement whereby for a stipulated consideration the defendant agreed to convey to the plaintiff the real estate in the month of August, 1906. Subsequently the defendant conveyed the property to another, and the judgment covers the payments made by the plaintiff under the contract and the expenses to which he has been subjected in the premises.

At the time set by the contract for the transfer of the title the plaintiff was absent from the country; but he intrusted the consummation of the sale to his brother, empowered by written attorney to act for him. The defendant was not present, but had executed and delivered to an agent a deed of the premises, in which the plaintiff was named as grantee. Without the plaintiff's knowledge or consent, but with the consent of his attorney in fact, the name of the latter was substituted for that of the plaintiff in the deed as grantee. Some time afterward the defendant learned of this substitution and alteration, but ratified the change, and bought the property back from the plaintiff's brother, and, as I have said, sold it for value to another purchaser.

The appellant cites numerous authorities in support of the proposition that the change in the name of the grantee was in law a forgery, and that there can be no ratification of a crime. I think, however, in view of the subsequent assent to the change and the repurchase of the property by the defendant, that the transaction may be regarded as equivalent to a change in the deed, made at the time by the appellant, or a destruction of the deed by the appellant at the time and the substitution therefor of a new one, executed to the plaintiff's brother as grantee. The learned court at Special Term was of the opinion that the subsequent manipulations of the title by the defendant indicated that he knew of the alteration, at least at the time of the repurchase; and it would certainly be unjust to allow him to retain the proceeds of a sale which was never consummated, in addition to whatever he may have received on the sale as subsequently effected.

The judgment should be affirmed. All concur.

---

## In re CHAMBERLAIN et al.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

1. FRAUDS, STATUTE OF (§ 129*) — SUFFICIENCY OF MEMORANDUM — CORRESPONDENCE.

Where a formal agreement for the hiring of a teacher for five years on the same terms as those under which she had previously been employed, except that at the close of the term the teacher was to have $2,000, was not signed, but was a part of the contents of a series of communications between the parties, and the teacher performed the agreement in good

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

faith on her part, the contract was not void because of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 129.*]

2. CONTRACTS (§ 272*)—RESCISSION—ACT OF PARTIES.

Where a formal agreement for the hiring of a teacher for a term of years, providing that at the close of the term the teacher was to have $2,000. invested or otherwise, was returned to the employer at his request, but without anything being said about an intention to cancel or withdraw it, and the paper was found in an envelope among the papers of the employer after his death, in company with two railroad bonds of $1,000 each, addressed to the teacher, the contract will be sustained as against a residuary legatee of the employer.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. §. 272.*]

Appeal from Surrogate's Court, Queens County.

Judicial settlement of the accounts of Charles M. Chamberlain and another, as executors of Margaret J. Maurice, deceased. From a decree entered, Susan C. Hoge, residuary legatee, appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William H. Good, for appellant.

John M. Harrington, for respondent.

WOODWARD, J. The question presented upon this appeal is whether Julia C. Smith is entitled to be paid the balance of a salary as a school teacher, amounting to about $900, together with an extra allowance of $2,000, under a contract between the said Julia C. Smith and Margaret J. Maurice, deceased. The question was submitted to the learned surrogate in the manner provided by law, with the consent of the parties, and the facts which the evidence discloses justifies the conclusion of law made in the proceeding.

[1] The facts as they are conceded to exist may be briefly summarized. For a number of years Miss Smith had been employed by Margaret J. Maurice, now deceased, as a teacher in a charitable school at Maspeth, Queens county, at a salary of about $390 per year and expenses. In 1906 the decedent wrote a letter to Miss Smith, inclosing a formal agreement for a hiring of five years; the terms of the hiring being the same as those under which Miss Smith had been employed, except that it was provided that at the close of the term Miss Smith was to have "$2,000 invested or otherwise." This agreement was not signed, but it was a part of the contents of a communication signed by the decedent, and was a part of a series of communications passing between the parties, and there is no dispute that Miss Smith has performed the agreement in good faith on her part, and it is conceded that Miss Maurice made payments upon the account during her lifetime, so that we are of the opinion that the suggestion that the contract was void because of the statute of frauds is without force.

[2] It appeared in the evidence that Miss Maurice subsequently wrote to Miss Smith, requesting her to return the agreement, though nothing was said about an intention to cancel or withdraw the same, and that Miss Smith did return the paper, and that this paper was

found in an envelope among the papers of decedent, in company with two railroad bonds, of $1,000 each; the envelope being addressed in decedent's handwriting, "Miss Julia C. Smith." It seems clear, therefore, that the purpose of the decedent in requesting the return of the memorandum was not for the purpose of repudiating the agreement, but to explain the presence of the two bonds. The contract provided for $2,000, "invested or otherwise," and decedent made provision for the fulfilling of this contract by leaving the two railroad bonds with the agreement addressed to Miss Smith. There is no good reason why this contract should be nullified for the benefit of a residuary legatee, who does not appear to have a better claim upon the decedent than that held by Miss Smith, and the decree of the surrogate should be affirmed.

Decree of the Surrogate's Court of Queens county affirmed, with costs. All concur.