[Civil No. 1223.    Filed June 29, 1912.]

[125 Pac. 712.]

IKE DIAMOND, Doing Business Under the Firm Name and Style of I. DIAMOND & BROTHER, Appellant, v. WILLIAM JACQUITH, Appellee.

1. FRAUDS, STATUTE OF—EMPLOYMENT CONTRACTS.—A contract of employment to serve as manager of a mercantile business for one year at a salary of $150 monthly and two per cent on the gross sales made during such period falls within the statute of frauds. Civ. Code 1901, par. 2696.

2. FRAUDS, STATUTE OF—EMPLOYMENT CONTRACTS—PART PERFORMANCE. A verbal contract of employment to serve as manager of a store for one year at a salary of $150 monthly and two per cent on the gross sales was taken out of the statute of frauds (Civ. Code 1901, par. 2696) by full performance on the employee's part and part performance by the employer by making the $150 monthly payments.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge.    Affirmed.

STATEMENT OF FACTS BY THE COURT.

The appellee brought his action in the lower court against the appellant, alleging that, in the month of June, 1909, he

entered into a verbal contract with the defendant to act as manager of defendant's mercantile business and general merchandising store in the city of Phoenix for the period between the fifteenth day of October, 1909, and the 15th of October, 1910; the appellant (defendant below) agreeing to pay as compensation $150 per month and two per cent on all gross sales made in said store under appellee's management over the sum of $144,000. Appellee further alleged that the gross sales of said business amounted to $273,107.79, and that his percentage at two per cent on the gross sales, over the sum of $144,000, was the sum of $2,582.14. Appellee alleged the payment of the salary of $150 a month, or $1,800 on account, and alleged that there was still due, under his contract, $2,582.14. He alleged that he performed each and every service required by him to be performed under the provisions of the contract. The appellant in his answer denied that he ever agreed to pay any percentage, and alleged that, prior to October 18, 1909, in the city of New York, he hired appellee under a verbal contract to work from month to month as manager of the dry-goods and notions department of his store at the agreed price of $150 a month, and for no other compensation whatsoever. Appellant alleged payment in full of the stipulated salary. The defendant, by way of demurrer and answer, set up the provisions of the statute of frauds, requiring contracts and agreements not to be performed within one year to be in writing. It was stipulated in the trial of the case that the gross sales of appellant's business, from October 15, 1909, to October 15, 1910, amounted to $273,107.79. Appellee testified: "There were no percentages to be paid until the expiration of the year. If I didn't stay my year out, I didn't get any percentage." The evidence shows that at the time the contract was entered into between the parties appellee was in Phoenix; that he was making arrangements to move himself and family to Connecticut with a view of entering business there; that he did in fact go to Connecticut, after the contract was concluded, on a visit, and remained there a couple of months; that he met appellant in New York and had several conversations with him concerning his employment, the details of which were discussed between them; that with his family he returned to Phoenix and entered upon the discharge of

his labors for the appellant, continuing to work for him the entire year. The appellee also testified that he had received from the appellant $450 in cash and $107.10 in goods, amounting in all in cash and goods to $557.10. The cause was tried to a jury, and the jury returned a verdict in favor of appellee for the sum of $2,582.14, less the amount of the counterclaim for cash and goods paid and advanced to appellee by appellant, amounting to $557.10. The judgment followed the verdict and was for $2,025 and legal interest, and costs in the sum of $105.30. From this judgment and the order overruling motion for a new trial an appeal is taken.

Messrs. Kibbey, Bennett & Bennett, and Mr. Barnett E. Marks, for Appellant.

Mr. G. P. Bullard and Messrs. Alexander & Christy, for Appellee.

ROSS, J.—The appellant relies upon paragraph 2696, Revised Statutes of Arizona (Civil Code) 1901, for a reversal of the judgment of the lower court. That paragraph is as follows: "(Section 1.) No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized: . . . 5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

Under similar statutes, it has been held that verbal contracts not to be performed within a year are not void, but voidable. The language forbids the bringing of an action, but does not declare the contract void. 20 Cyc. 279A, 2.

Clearly the contract here sued on falls within the statute of frauds (20 Cyc. 198B), and is not enforceable, unless the acts of the parties to it take it out of the statute. The plaintiff (appellee) alleges that he was to receive, under his agreement, "as compensation, . . . the sum of $150 per month and two per cent on all gross sales made in said store and business under the management of said plaintiff over and above the sum of $144,000." This was the contract sued

on. The percentage was as much a part of his salary as was the $150 per month. It was not ascertainable at the date of the contract, nor at any time before the end of the year, but at the end of the year, by a simple process of arithmetical computation on the excess over $144,000, the plaintiff's salary could be known. The fixed part of the plaintiff's salary, $150 per month, and the percentage $2,582.14 added, determined the year's compensation to be $4,382.14.

The question as to whether the contract alleged by the appellee was, in fact, the contract of the parties or not, and as to whether appellee had performed all of its terms and conditions, was submitted to a jury, and that jury, by its verdict, found in favor of the appellee.

The item of $150 per month was no more a part of the contract for salary, nor any less a part thereof, than the item of percentage.

The question is, then, the appellant having partly performed the contract, by monthly payments, and the appellee having fully performed on his part, does this part performance by one of the parties and full performance by the other take the case out of the statute of frauds?

This is a case of first impression in this jurisdiction, and we are therefore not bound by any decision of this court; but we are at liberty to adopt that view of the law that appeals to us as most consonant with reason and justice. If it were an executory contract, we would not hesitate in holding it unenforceable; but the fact is that it has been executed by appellee and largely by appellant.

*MacDonald* v. *Crosby*, 192 Ill. 283, 289, 61 N. E. 505, 507, announced this rule: "It is insisted that the court erred in sustaining the demurrer to the pleas setting up the statute of frauds. The first plea is that the promise declared upon was not to be performed within one year; and the second, that whatever promise was made by the defendants was a promise to answer for the debt of Mr. Crosby. As to the first, the demurrer was properly sustained, on the ground that the contract declared upon was fully and completely performed upon the part of the plaintiff, and nothing remained to be done by the defendants but to pay the money. *Curtis* v. *Sage*, 35 Ill. 22. We do not understand, under the rule in this state, that the statute of frauds can be interposed

as a defense where the contract is fully performed on the part of the plaintiff; in other words, the statute of frauds cannot be availed of for the purpose of perpetrating a fraud."

In *Lowman* v. *Sheets,* 124 Ind. 416–422, 7 L. R. A. 784, 24 N. E. 351, 353, the court said: "The sale and delivery of a one-half interest in the mares in controversy is not within the statute of frauds, because it was fully executed by Templeton. The statute prohibiting the making of contracts not to be performed within one year has no application to contracts which have been fully performed by one of the parties."

The Iowa court in *Murphy* v. *De Haan,* 116 Iowa, 61, 62, 89 N. W. 100, in passing upon the right of an employee to recover on an oral contract, said: "It is contended that, while the petition states a valid cause of action, plaintiff proved a contract within the statute of frauds, in that, according to his evidence, he was not to commence work on the day the contract was entered into, but at some future time, and that the contract was made some three or four days before he actually began the service. Defendant moved to strike out this evidence, because within the statute, but the motion was overruled. He also challenges the instructions of the court, for the reason that they ignore the statute of frauds. Remembering that this is an action for work and labor performed at an agreed price per month, it is difficult to see how the statute of frauds affects the case. Contracts within the statute are not void, and, if performed or partly performed, they are, to the extent of such performance, taken out of the statute. When executed, or so far as executed, such contracts are valid, and as binding as if they had been in writing. This statute was not enacted for the purpose of aiding one in the perpetration of a fraud, but to secure him from the consequences thereof. It was intended as a shield, and not as a sword. According to the evidence, defendant had the benefit of plaintiff's services, and he cannot be heard to say that they were performed under a contract which would have been invalid had it remained executory in character."

In *Marks* v. *Davis,* 72 Mo. App. 557–563, the court, after reviewing the Missouri cases bearing on oral contracts, for labor and services not to be performed within a year, said:

"In view of this line of decisions, we think we can safely say that the rule is firmly established in this state that a full and complete performance of a contract by one of the contracting parties takes the contract out of the statute of frauds, and that the party so performing his contract may sue upon it in a court of law, and that he is not compelled to abandon the contract and sue in equity or upon a *quantum meruit*, as seems to be the law in some of the states."

In *Wehner* v. *Bauer* (C. C.), 160 Fed. 240, 244, it is said: "Nor do I think the objection well taken that the contract is void within the statute of frauds because not in writing, and one which by its terms was not to be performed within a year. The statute of frauds has no application to a contract which has been fully performed or executed by one of the parties thereto; and here the evidence shows that complainant had immediately and before the parties left the mine fully performed the contract on his part by turning over and delivering to the defendant all the machinery, stock, material, and tools in accordance with its terms."

There is a line of cases that turns on the question of the election of remedies, holding that, when the contract is within the statute of frauds, the suit should be on *quantum meruit*, in which case the contract may be used as evidence of the value of the services.

The distinction drawn by this line of cases is technical rather than substantial. To say that a contract fully performed by one of the parties to it cannot be sued upon because the statute is evidentiary and the contract being within the statute of frauds cannot avail as evidence in a suit on the contract, but in a suit on *quantum meruit* the contract, if fully performed by one of the parties, can be used as evidence of the value of the services, is a technical distinction, it seems to us, in the matter of remedy, and is not a distinction on principle. It goes rather to the form than to the substance of the matter. If on full performance by one of the parties the contract is taken out of the statute, to the effect that it may be introduced as evidence in aid of a common count, we can perceive no reason why such performance will not take it out of the statute so that suit may be maintained on the contract.

That in a suit on the contract its terms determine the value of the services, while in a suit on one of the common counts the terms of the contract may only be evidence of the value of the services, does not militate against the reasoning that, if it can be held to be taken out of the statute in the one case, it should be so held in the other case.

Another aspect of the case is that appellee was closing out his business connections in Arizona, with a view of locating in Connecticut; but, having concluded his contract with appellant, he returned from the east, where he went on a visit, bringing his family. Relying upon his engagement with appellant, he made the trip to Arizona, and necessarily at considerable expense for himself and family. He made no effort, as was his intention until employed by appellant, to secure a business or employment in the east.

Having induced appellee by means of his oral contract to return to Arizona, to abandon his search for other business connections, we think it does not lie in the mouth of the appellant to deny the contract, especially after its full and complete performance by appellee.

In *Seymour* v. *Oelrichs,* 156 Cal. 782, 794, 134 Am. St. Rep. 154, 106 Pac. 88–94, it is said by the California court: "The right of courts of equity to hold a person estopped to assert the statute of frauds, where such assertion would amount to practicing a fraud, cannot be disputed. It is based upon the principle 'thoroughly established in equity, and applying in every transaction where the statute is invoked that the statute of frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme.' 2 Pomeroy's Equity Jurisprudence, sec. 921. It was said in *Glass* v. *Hulbert,* 102 Mass. 24, 35, 3 Am. Rep. 418: 'The fraud most commonly treated as taking an agreement out of the statute of frauds is that which consists in setting up the statute against its enforcement, after the other party has been induced to make expenditures, or a change of situation in regard to the subject matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the

agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds.' This statement has been accepted as setting forth a plain and satisfactory ground for equitable jurisdiction, together with a clear indication of the proper limitation of its exercise. . . . We can see no good reason for limiting the operation of this equitable doctrine to any particular class of contracts included within the statute of frauds, provided always the essential elements of an estoppel are present, or for saying otherwise than as is intimated by Mr. Pomeroy in the words already quoted, viz., that it applies 'in every transaction where the statute is invoked.' "

For the reasons given above, we think the judgment of the lower court was in accordance with law, and that no errors were committed in the trial.

The judgment of that court is therefore affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—As to part performance of oral contracts, see notes in 32 Am. Dec. 129; 53 Am. Dec. 539.

As to agreements not to be performed within a year, considered with reference to the statute of frauds, see note in 138 Am. St. Rep. 590; and as to estoppel to plead the statute in case of such contracts, see note in 134 Am. St. Rep. 172.