THE LAMPERT LUMBER COMPANY, Respondent, v. PEXA, Appellant.

(184 N. W. 207.)

(File No. 4808.    Opinion filed August 15, 1921.    Rehearing denied October 19, 1921.)

**1. Trials—Directing Verdict—Recovery for Services, Burden of Proof on Plaintiff—Question for Jury.**

In a suit by an employer against an employee to recover an amount alleged to have been taken by defendant employee from the business funds, above the amount earned, defendant claiming that under contract he was entitled thereto, direction of verdict for plaintiff was error, since it had burden of proof, and whether it was entitled to a return of the amount claimed was under the issue a question for jury.

**2. Trials—Statute of Frauds—Recovery by Employer of Money Withheld by Employee Claiming Under Contract—Striking Out Defendant's Testimony Re Performed Contract, as Error—Question for Jury.**

In a suit by an employer against an employee to recover an amount alleged to have been retained by defendant above what was due him, defendant have been employed as local manager

of plaintiff's lumber yard, under contract not performable within one year, but which the evidence showed had been fully performed by defendant, **held**, that trial court erred in striking out defendant's testimony as to what the contract really was; since, it having been fully performed by him, it is immaterial whether it is within statute of frauds; that to permit one to accept benefits of a contract required by statute to be in writing and then invoke the statute to avoid payment, would be using the statute to perpetrate fraud, whereas it was enacted to prevent fraud; the statute being inapplicable here; and question of which party gave correct version of the transaction was one for jury.

Appeal from Circuit Court, Day County.    Hon FRANK ANDERSON, Judge.

Action by the Lampert Lumber Company, a corporation, against Thomas Pexa, to recover an alleged balance in hands of defendant employee belonging to plaintiff. From a judgment for plaintiff upon directed verdict, and from an order denying a new trial, defendant appeals. Reversed.

*Waddel & Dougherty*, for Appellant.

*Lewis W. Bicknell*, for Respondent.

(2) Under point two of the opinion, Respondent cited: Fabian v. Wasatch Orchard Co. L. R. A. 1916D, 829.

POLLEY, P. J. Defendant in this action was employed by plaintiff to act as manager of a lumber yard owned by it in the city of Webster. The contract of employment was made in the month of May, 1918, and no part of it was reduced to writing. The employment was to commence the 1st of July, 1918, and to continue through the remainder of that year and through 1919. It is the contention of plaintiff that defendant was to receive a salary of $125 per month, which was to be in full payment for his services for the full term of his employment. Defendant admits that his pay for the remainder of the year 1918 was to be only $125 per month, but claims that the employment was to continue to the 1st day of January, 1920, and that the agreement was that for the year 1919, he was to receive a salary of $125 per month and in addition thereto a commission of 3 per cent. on all business in excess of $30,000 that was transacted at that yard during the year 1919. Defendant had authority, while such employment continued, to draw checks against plaintiff's account at a local bank and pay certain bills and expenses, including his own

salary. The business transacted at that yard during the year 1919 greatly exceeded $30,000, and defendant, claiming he was entitled, under the terms of his contract, to commissions amounting to $300, drew that amount of money in payment of such commissions. Plaintiff, claiming defendant had no right to such commissions, brought this action for the recovery of the same.

At the close of defendant's testimony plaintiff moved the court to strike out all of the evidence relative to the commission agreement on the ground that the contract, as claimed by defendant, was a contract that by its terms could not be performed within one year after it was made, and, not having been reduced to writing, was void under the statute of frauds. This motion was granted. The granting of this motion left defendant without any evidence whatever in support of his defense, and upon motion the court directed a verdict for plaintiff. Judgment was entered accordingly, and from such judgment and an order overruling his motion for a new trial, defendant appeals.

[1] The granting of the motion for a directed verdict was error. Plaintiff had the burden of proving its cause of action, and whether it was entitled to a return of the $300, under the issues as made by the pleadings, was purely a question of fact for the jury.

[2] But it was error to strike out defendant's testimony as to what the contract really was. It is undisputed that the contract had been fully performed by defendant; therefore it is immaterial whether it is within the statute of frauds or not. The statute of frauds was enacted to prevent fraud, but to permit a party to accept the benefits of a contract that the statute of frauds requires to be in writing, and then invoke the statute to avoid payment, would be using the statute to perpetrate a fraud. Where the contract is one of employment and the employee has fully performed the contract on his part and there is nothing left for the other party to do but to pay the agreed compensation, the statute does not apply. 25 R. C. L. 722, § 369. Diamond v. Jacquith, 14 Ariz. 119, 125 Pac. 712, L. R. A. 1916D, 880, and note on page 890. In Ford v. Ford, 24 S. D. 644, 124 N. W. 1108, this court said:

"Where one having the right to accept or reject a transaction voluntarily takes and retains the benefits thereunder, he

becomes bound by the transaction, and cannot avoid such transaction and its obligations by taking a position inconsistent therewith. Thus it has been repeatedly held that a person by accepting the benefits of a transaction may be estopped from questioning the existence or validity of a contract."

In that case the question was one of title to real property but the principle involved is just as applicable to a case like this. In Marks v. Davis, 72 Mo. App. 557, that court said:

"The rule is firmly established in this state that the full and complete performance of a contract by one of the contracting parties takes the contract out of the statute of frauds, and that the party so performing his contract may sue upon it in a court of law, and that he is not compelled to abandon the contract and sue in equity or upon a quantum meruit, as seems to be the law in some of the states."

This seems to us to be the fair, reasonable rule, and will be adopted as the rule to be applied to such cases in this state. Re Chamberlain, 146 App. Div. 583, 131 N. Y. Supp. 245; Id., 204 N. Y. 665, 97 N. E. 1103; Durfee v. O'Brien, 16 R. I. 213, 14 Atl. 857. Under this rule the question to be decided is purely one of fact. Plaintiff gave one version of the contract. Defendant gave another. Which of them gave the correct version presented only a question of veracity or recollection, and must be submitted to a jury.

The judgment and order appealed from are reversed.