[Civil No. 1962. Filed May 16, 1922.]

[206 Pac. 785.]

# G. C. KILBOURN, Appellant, v. S. S. MARSHALL and J. W. FOSTER, Appellees.

1. APPEAL AND ERROR—COURT'S FINDING OF FACT SUPPORTED BY SUBSTANTIAL EVIDENCE NOT REVIEWABLE.—A trial court's findings of fact, supported by substantial evidence, will not be reviewed on appeal.

2. FRAUDS, STATUTE OF—ORAL CONTRACT FOR CONVEYANCE TO A THIRD PARTY NOT ORIGINAL GRANTEE NOT VOID.—Where the parties had agreed in writing to convey realty, a subsequent oral agreement to convey the same realty to a third party, instead of the original grantee, was not void, though it may be voidable under the statute.

3. FRAUDS, STATUTE OF—PARTY TO A COMPLETELY PERFORMED ORAL CONTRACT FOR SALE OF REALTY CANNOT OBJECT.—Where the parties had executed a written contract for the sale of realty, and subsequently pursuant to an oral agreement a conveyance was made to a third party, purchaser cannot object that the subsequent agreement was within the statute, since there was complete performance.

4. EVIDENCE — PAROL EVIDENCE RULE INAPPLICABLE TO SUBSEQUENT ORAL AGREEMENT.—The parol evidence rule does not apply to a subsequent oral agreement, purporting to modify a prior written agreement for the sale of realty.

APPEAL from a judgment of the Superior Court of the County of Graham. Frank B. Laine, Judge. Affirmed.

Mr. Louis B. Whitney, for Appellant.

Messrs. McFarland & Chambers and Messrs. Kibbey, Bennett, Gust & Smith, for Appellees.

SHUTE, Superior Judge.—This is an action brought by appellant for damages which he alleges

2, 3. On right of purchaser of real estate to rely on the statute of frauds against contract by his vendor with a third person, see note in 40 L. R. A. (N. S.) 883.

4. On parol evidence not admissible to vary, add to or alter a written instrument, see note in 17 L. R. A. 270.

he has suffered by the failure of appellees to convey certain lands under a written contract executed on the twenty-third day of June, 1915, by the appellant and appellees, under and by virtue of the terms of which appellees agreed to convey to the appellant the land in controversy when appellees should receive patent therefor from the United States. The execution of the contract is not denied, and a compliance therewith was alleged in the answer and proof offered to show that fact. A further defense upon the part of the appellees of the statute of limitations was urged and is argued here. The view this court takes of the case, however, makes it unnecessary to consider that feature of it.

The case was tried before the court, who made findings of fact, which, if supported by substantial evidence, will not be reviewed by this court. This has been held so often that we deem it unnecessary to refer to the authorities supporting it.

Appellant's assignments of error (twelve in number) go to the failure of the court to strike matter from the amended answer, the failure to sustain demurrers thereto, and error committed by the court in finding appellant's cause of action was barred by the statute of limitations, and to the admission of parol evidence, because irrelevant, incompetent, and immaterial.

Many of the motions to strike in our opinion were well taken, but the case went off on quite a different theory than was contained in any of such matters and those matters, being under the objection irrelevant and immaterial, could not have affected the ruling of the court. The demurrers interposed go to the same matters affected by the motions to strike, and do not affect the result.

It is claimed by the appellees that the appellant sold his interest in the described land to one Wasson, and requested these appellees to execute deeds of con-

veyance to Wasson, when the patent therefor had issued to them, instead of to the plaintiff. This the court found as a fact. This agreement was oral.

Appellant makes as an assignment of error the ruling of the court admitting oral evidence of this arrangement, specifying it as error because, "Such evidence was in violation of the statute of frauds," and "violates the parol evidence rule, in that it tends to vary the terms of a written instrument." In other words, because appellees and appellant entered into an oral agreement by which the terms of a previous written agreement are fully discharged, were appellees barred from urging the oral agreement, because (a) of the statute of frauds, (b) the parol evidence rule? No doubt the second agreement as between appellees and Wasson would have been within the statute had a question been raised thereon by either the appellees or Wasson. We do not understand, however, that Kilbourn, appellant, could not orally instruct the appellees to cancel his (Kilbourn's) contract with the appellees by deeding the lands in question to Wasson; and, while such an agreement may be voidable, it is not void. *Diamond* v. *Jacquith,* 14 Ariz. 119, L. R. A. 1916D, 880, 125 Pac. 712.

Having made such an agreement with appellees, and they having acted under it, appellees discharged their agreement with Kilbourn by deeding, under his instructions, to Wasson. Whether or not this agreement varied the original contract to the extent of changing the grantee therein is disposed of by the case of *Diamond* v. *Jacquith, supra;* for, being fully performed upon the part of the appellees, appellant, having made the agreement, cannot be heard to say it was in violation of the statute of frauds. It seems to us that this disposes of the entire matter.

We do not think the so-called parol evidence rule has any application to this case. The oral agreement, at

which it is aimed, was made long subsequent to the written agreement, and Mr. Wigmore lays down the rule, which we think the correct one.

"Any subsequent agreement altering, waiving, discharging or otherwise novating a prior transaction is not excluded by reason of the prior transaction having been reduced to writing." Wigmore on Evidence, vol. 4, par. 2441.

The judgment of the lower court is therefore sustained.

ROSS, C. J., and FLANIGAN, J., concur.

McALISTER, J., being disqualified, Hon. G. W. SHUTE, Superior Judge of Gila county, was called to sit in the case.