LAMPERT LUMBER COMPANY, Respondent, v. PEXA, Appellant.

(201 N. W. 702.)

(File No. 5269.   Opinion filed December 31, 1924.)

1. **Evidence—New Trial—Witnesses—Evidence of Absent Witness on Former Trial Rendered Inadmissible by Amendment of Answer Raising New Issues.**

    Showing that defendant and his wife, material witness, were not within the state held not to warrant admission of their testimony on former trial, where defendant's answer had been amended by adding a counterclaim for affirmative relief and money judgment not asserted at first trial; such answer and counterclaim making entirely different issues.

2. **Appeal and Error—Trial—Pleadings—Error Cannot Be Predicated on Exclusion of Testimony of Absent Witness, as Not Within amended Pleadings, by Asserting that Amendment Was Made Merely to Conform to Excluded Testimony Not in Record.**

    In absence from record of testimony excluded on former trial, error cannot be predicated on exclusion under amended answer of absent witnesses' testimony, given on such former trial, on theory that amendment was merely to conform to excluded testimony.

Appeal from Circuit Court, Day County; Hon. FRANK ANDERSON and Hon. B. A. WALTON, Judges.

Action by the Lampert Lumber Company against Thomas Pexa.   From a judgment on directed verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Waddel & Dougherty,* of Webster, for Appellant.

*Lewis W. Bicknell,* of Webster, for Respondent.

Appellant cited:   Wigmore on Evidence, Vol. 2, Sec. 1401; Huempfner v. Bailey, 36 S. D. 533, 156 N. W. 78; State v. Hefferman, 24 S. D. 1, 123 N. W. 87, 25 L. R. A. (N. S.) 868, 140

A. S. R. 764; A. T. & S. F. Ry. Co. v. Osborn, 64 Kan. 187, 67 Pac. 547, 91 A. S. R. 189; Smith v. Scully, 66 Kan. 139, 71 Pac. 249; People v. Elliott, 172 N. Y. 146; Atlantic Charlotte Air Line R. R. v. Gravitt, 93 Ga. 369, 20 S. E. 550, 26 L. R. A. 553, 44 A. S. R. 145; Madden v. Duluth & I. R. R. Co., 112 Minn. 303, 127 N. W. 1052, 21 Ann. Cas. 805; Minneapolis Mill Co. v. M. & St. L. R. R. Co., 53 N. W. 639; Omaha v. Jensen, 35 Neb. 68, 57 N. W. 833, 37 A. S. R. 432; 10 R. C. L. 966; Newton Henry v. State of Oklahoma, 136 Pac. 982; Grant v. State of Texas, 148 S. W. 760, 8 Ann. Cas. 466; Commonwealth v. Richards, 18 Pick. 434, 29 Am. Dec. 608; McGill v. Kaufman, 4 S. & R. 317, 8 Am. Dec. 713; Rico Reduction & Min. Co. v. Musgrave, 14 Colo. 79, 23 Pac. 458; Ency. Evidence, Vol. V, 892; Lohman v. Stoke, 94 Mo. 672, 8 S. W. 9.

Respondent cited: 22 C. J. Sec. 515; Oliver v. Louisville & N. Ry. Co., 1916A L. R. A. 993, 32 S. W. 759; Edgeley v. Appleyard, Ann. Cas. 1914D, 474; Iowa Life Ins. Co. v. Haughton, 87 N. E. 702; Wabash v. Miller, 158 Ind. 174, 61 N. E. 1005.

DILLON, J. This is an action against an employee for conversion of funds. The statement of facts is found in Lampert Lumber Co. v. Pexa, 44 S. D. 382, 184 N. W. 207, when this cause was before the court on a former appeal. The second trial took place without the appellant's witnesses. Defendant's attorney, P. W. Dougherty, took the witness stand, and testified that defendant and his wife were not within the state, but were in Oklahoma City, and produced certain letters showing his inability to produce these witnesses on account of the expense in making the trip to the place of the trial. Appellant then offered the settled record on the first appeal, showing the testimony of Thomas Pexa. This was excluded. He likewise offered the settled record showing the evidence of Mrs. Thomas Pexa. This was also excluded. A motion was made to strike out the testimony of P. W. Dougherty. This was sustained. Respondent then moved for a directed verdict. This was granted. The motion for new trial was then made and the overruling of which is assigned as error. These assignments are all correlated, and they will be considered together.

On the first trial Thomas Pexa and wife were both examined as plaintiff's witnesses, and the defendant was called and exam-

ined as an adverse witness. They both testified to conversation with the general auditor of the plaintiff, who was likewise a witness on the first and second trials. Practically every feature of the conversation of these witnesses with plaintiff's witnesses was gone over on the first trial. When the second trial was reached, the defendant asked leave to amend his answer, and be allowed to plead his counterclaim to conform to the testimony on the first trial. Plaintiff's counsel on the second trial read from the settled record his cross-examination of defendant, Thomas Pexa.

[1] It is the contention of the appellant that, when he had shown that these parties, Pexa and wife, were not within the state, that their testimony given on the first trial was competent, and should have been admitted. Plaintiff, however, insists that the issues were not the same, and hence such testimony was inadmissible. We think respondent's contention must be sustained. The counterclaim contained entirely new matter. We think the court did not err in striking out the testimony of Dougherty, Thomas Pexa, and Mrs. Pexa, and in directing a verdict for plaintiff. An examination of the pleadings as amended will disclose that the issues of the first trial were entirely different from the issues raised on the second trial, but this difference does not justify or permit the use of such testimony upon the second trial upon the changed issues.

Upon the first trial the defense was that $300 sued for belonged to defendant as extra compensation, payable the last month of the year. The prayer of the answer was that the action be dismissed and for costs. Under the amended answer and counterclaim filed at the opening of the second trial the defendant alleged that the terms of the employment were that he should have a bonus of 3 per cent upon the excess of sales beyond $30,000; that such sales amounted to $80,000, and therefore that he was entitled to a bonus of $1,500, and after deducting the $300 drawn by him there remained $1,200, for which he asked payment. Manifestly the issues at the second trial were not the same as at the first trial, and therefore the court did not err inexcluding the evidence of Mr. and Mrs. Pexa taken at the former trial.

[2] Again, appellant claims that the amended answer was made simply to have the pleadings conform to the proof introduced at the first trial. The excluded testimony is not set forth

in appellant's brief, and we cannot say that the testimony so submitted was the testimony on the first trial. The failure of the record now before us to set forth the excluded evidence is an additional reason why we should not disturb the judgment and order denying new trial.

Under the issues as raised by the amended answer the testimony taken on the former trial was incompetent, and did not tend to prove that defendant was to have a bonus of $300 for staying the full year, nor that he was to have a commission of 3 per cent on sales in excess of $30,000 during the year.

We therefore conclude that such testimony was wholly immaterial; therefore the court did not err in directing a verdict for the plaintiff.

Under the evidence in the case there was no disputed question of fact, and it was the duty of the court to direct such verdict.

The judgment for plaintiff and order overruling motion for new trial are affirmed.

ANDERSON, J., not sitting.

Note.—Reported in 201 N. W. 702. See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 579, 22 C. J. Sec. 515; (2) Appeal and error, Key-No. 679(1), 4 C. J. Sec. 1661.