[Civil No. 4043.  Filed February 5, 1940.]

[98 Pac. (2d) 849.]

THE FEDERAL RUBBER COMPANY, a Corporation, Appellant, v. MYRTLE E. PRUETT, Appellee.

Messrs. Townsend, Jenckes & Wildman, for Appellant.

Mr. I. A. Jennings and Mr. Henry S. Stevens, for Appellee.

ROSS, C. J.—The Federal Rubber Company commenced this action against Super Service, Inc., for the sum of $1,546.19, balance due for goods sold to it, and against Myrtle E. Pruett, guarantor of such account.

At the close of the case, on motion of plaintiff, the court directed a verdict against Super Service, Inc., for the full amount of the claim.  The question of

Pruett's liability on her guaranty was submitted to the jury and the jury returned a verdict in her favor.

The plaintiff has appealed and assigns as errors the court's refusal to direct a verdict in its favor against defendant Pruett, and its refusal to give instructions requested.

The guaranty given plaintiff by defendant Pruett is in words and figures as follows:

"Know All Men, that, in consideration of the sale of merchandise, from time to time, upon credit, by The Federal Rubber Company, a corporation, duly organized under the laws of the State of Illinois, to Super Service, Inc. Phoenix, Ariz., hereinafter called the Purchaser, I, we, or either of us, Hereby Jointly and Severally Guarantee to the Federal Rubber Company;

"1. The payment of such sum or sums of money as may become due at any time or times hereafter, become due (sic) to it from the Purchaser, for any goods sold and delivered by it at any time hereafter to the Purchaser and payment of all notes and renewals given on account thereof; and The Federal Rubber Company is hereby authorized to grant such extensions of time of payment of such indebtedness and make such settlements of same as it may see fit; and I, we, or either of us, jointly and severally hereby waive notice of acceptance hereof, amount of sales, dates of shipments and delivery and notice of default in payment; and in the event of the failure of the said Purchaser to pay the whole or any part of the indebtedness of said Purchaser, I, we, or either of us, acknowledge myself or ourselves jointly and severally liable and agree to pay same upon demand as though the material had been purchased and invoiced direct to my or our own account or accounts jointly and severally, and I, we, or either of us, hereby jointly and severally waive the requirement of legal proceedings against the said Purchaser.

"2. That this agreement shall remain in full force, until the delivery to The Federal Rubber Company, at its Place of Business in Chicopee Falls, Mass., of

a notice in writing, signed by me, or us, of my or our intention to revoke same not less than ten days from date of delivery of said notice; but this agreement shall apply to all sales made and contracts entered into, prior to the date on which said notice shall have been served as aforesaid.

"3. That this agreement shall bind our heirs and personal representatives.

"Witness my or our hand and seal this 21st day of August, 1936, at Phoenix, Arizona."

The complaint alleges the extension of credit to Super Service, Inc., in the above sum after the execution of the guarantee contract, and the execution and delivery to plaintiff for said sum, on January 28, 1937, by Super Service, Inc., of fifteen promissory notes for $100 each and one for $46.19, bearing 6 per cent. interest, payable monthly beginning April 15, 1937, and containing acceleration clauses to the effect that if any one of the notes was not paid when due that all of the unpaid ones would become at once due and payable, and providing for a reasonable attorney's fee in case of suit to collect.

Pruett's answer admits the execution of the guarantee contract; denies, on lack of information, that defendant Super Service, Inc., on or about January 28, 1937, was indebted to plaintiff in the sum of $1,546.-19; and alleges affirmatively that

"plaintiff agreed with defendant Super Service, Inc. that if the notes were executed that this defendant (Pruett) would thereby be released from any and all obligations under the (guarantee) contract set forth in paragraph 2 of the complaint."

It is seen that the only defense made by the answer is the release, and the court confined the trial to that issue. The denial is a negative pregnant. Assuming, as we must, that there was evidence that plaintiff agreed with Super Service, Inc., to release Pruett from her obligation if Super Service, Inc., would give notes

to cover the open account, and the jury found such agreement was made, the question is was the agreement of any binding force or effect. Pruett agreed in her contract that if plaintiff would sell goods to Super Service, Inc., on credit, and the latter failed to pay therefor, she would pay for them when payments were due and would pay "all notes and renewals given on account thereof." She consented to the substitution of notes for the open account. She further agreed that her obligation to pay for the goods is the same "as though the material had been purchased and invoiced direct to my . . . own account." In other words, she acknowledged a primary obligation to pay for the goods. Under her contract, she became a principal debtor along with the purchaser of the goods "and waived legal proceedings against the said pur- chaser."

One who purchases goods from another, or one upon whose credit goods are sold to another, it is contended by plaintiff, cannot be relieved from the obligation except by paying the purchase price or debt created thereby. The acceptance of notes for an overdue open account and extension of the time for the accommodation of the debtor, when such a contingency is provided for in the contract under which the credit is given, could not possibly be regarded as any consideration whatever.

■■ Many of the decided cases have stated that "Consideration is a benefit to the promisor or a loss or detriment to the promisee." 17 C. J. S., Contracts, p. 420, sec. 70. There is no consideration for a promise where no benefit is conferred on the promisor nor detriment suffered by the promisee. The plaintiff is supposed to be the promisor and the promise is said to be that if the purchaser of the goods would give notes for the overdue open account the plaintiff would release

the guarantor from her promise to pay for the goods. We would ask, Wherein is there any benefit in such an arrangement accruing to the promisor, or any injury or detriment to the debtor or the guarantor? It seems to us that such an arrangement is entirely for the benefit of the debtor and its guarantor. Strangely, however, defendant Pruett would have us believe plaintiff obtained some benefit by accepting the unsecured notes of the debtor for a credit extended the debtor on her guaranty that she would pay the account if the debtor failed to pay it. We think even though the evidence sustained the contention of the defendant, that plaintiff agreed to accept notes and release defendant, the promise is a *nudum pactum* because there was no consideration paid for it either by the debtor or guarantor.

Defendant Pruett falls back on the rule of law that permits one person to contract for the benefit of another and contends that her rights are governed by that rule. However, as we understand the law, a contract entered into for the benefit of a third person must have a consideration. The party making such contract must pay something for it or suffer some detriment by reason thereof. The debtor here, who claims to have obtained from plaintiff the agreement to substitute notes for the open account, paid nothing and suffered no detriment by reason thereof, nor was such arrangement of any benefit to the plaintiff. It was all for the accommodation and benefit of the debtor and the guarantor Pruett.

We think the court erred in refusing an instructed verdict for plaintiff at the close of the case and for that reason the judgment is reversed and the cause remanded, with directions that judgment be entered for plaintiff for the amount of the claim, together with interest and costs, but not for attorney's fee. The

guarantee contract by its terms is limited to seeing the goods are paid for and does not extend to attorney's fees.

LOCKWOOD and McALISTER, JJ., concur.