GENERAL OUTDOOR ADVERTISING CO., INC. Respondent v. DOUGHERTY, Appellant

(65 N. W.2d 634)

(File No. 9431. Opinion filed August 25, 1954)

Rehearing denied October 22, 1954

**Sioux K. Grigsby, and T. R. Johnson,** Sioux Falls, for Plaintiff and Respondent.

**John P. McQuillen,** Sioux Falls, for Defendants and Appellant.

SICKEL, J. This in an action brought to recover the balance due on an advertising contract. The jury returned a verdict for defendant, judgment was entered for plaintiff notwithstanding the verdict, and defendant appealed.

Plaintiff is engaged in the advertising business and defendant does a livestock commission business at Sioux Falls. In September 1949 these parties entered into a written agreement for the erection of three billboards at Rice Street in the City of Sioux Falls, and maintenance for a term of three years from the date of completion, at a monthly rental of $25 for each space. The written contract was executed in duplicate by defendant. Then Quisenberry, agent for plaintiff, and defendant were advised that the stockyards company would not allow the signs to be placed at the locations described in the contract. Quisenberry and defendant then went together, and by oral agreement selected three other locations, north, west and east of Sioux Falls. Quisenberry made pencil notations on one of the contracts showing the substitute locations as agreed upon, and sent both copies to the Sioux City office. It is undisputed that the signs were erected at the sites orally agreed upon and that the date of

completion was January 10, 1950. The signs were maintained according to the written contract except that one billboard was discontinued by mutual agreement on July 10, 1952, and another was destroyed on December 1, 1952, and was not replaced. The consideration was paid by defendant according to contract to July 10, 1952, except for the months of January and September of 1950. During the month of July 1952 defendant decided to discontinue the advertising and so notified plaintiff. It appears from the evidence that the amount due on the contract at the end of the term was $350, no part of which has been paid.

The motion for judgment notwithstanding the verdict was granted on the ground that the evidence was insufficient to justify the jury in finding an abandonment of the written contract; that the oral agreement for substitution of locations for the signs was made pursuant to the following provision of the written contract: "If by reason of * * * or any cause of contingency whatsoever beyond your control, you shall be unable to paint and/or maintain any of the space(s) covered hereby, this agreement shall not terminate either in whole or as to any part, but you shall allow us credit at the rates listed, for the period during which service shall not be furnished or shall be discontinued or suspended; such credit to be rendered at your option, either by advertising service on new substituted space or spaces, approved by us, to be maintained under the terms and conditions hereof;". Appellant contends that the written contract was abandoned by mutual agreement of the parties; that the oral agreement was not to be performed within a year, and was never executed.

██ ██ The general rule applicable to this controversy is: "Where a building contract is modified, the rights of the parties are to be determined by the contract in its modified form. Slight modifications and variations made with the consent of the parties do not abrogate the entire contract and the rights and obligations of the parties thereto, but the original contract continues in force except as altered by such modifications and alterations; and this is especially true where the original contract expressly provides that modifications and alterations in the plans of the work may be made. Where, however, the original contract

is deviated from in material respects so that the work cannot reasonably be recognized as that originally contracted for, the original contract should be treated as abandoned." 17 C.J.S., Contracts, § 379, p. 871.

Defendant testified that he was informed by the stockyards company that they could not acquire the Rice Street location as stipulated in the contract, and Quisenberry, plaintiff's agent, told defendant the same thing. Quisenberry then advised defendant that he could obtain new locations for the signs, and they went together and selected them. The written contract was not mentioned again. Neither was there any further discussion of any other matter dealt with in the contract, such as the term of the contract, consideration, copy for display and maintenance. Nothing was said about an abandonment of the written contract.

■ Both parties complied with the provisions of the written contract in selecting the substitute locations for the signs, in constructing them, and in the payment of the monthly installments (except as to two installments which were overlooked) until July 1952 when defendant gave his notice of termination. There is no evidence to justify the contention that the written contract was entirely abrogated, and that the parties made a wholly new oral contract.

■ The written agreement provides that it shall remain in effect for a term of three years. It was modified by the oral agreement only as to the location of the signs. Plaintiff constructed and maintained the signs at the substituted locations in reliance upon the oral agreement. Defendant paid and plaintiff accepted installment payments as provided in the contract, after completion, in the sum of $2,175. Under the circumstances the defendant is estopped to invoke the statute of frauds. Federal Land Bank of Omaha v. Matson, 68 S.D. 538, 5 N.W.2d 314. To permit defendant to accept the benefits of the contract as modified and then invoke the statute of frauds to avoid payment would be using the statute to perpetrate a fraud. Lampert Lumber Co. v. Pexa, 44 S.D. 382, 184 N.W. 207, 208.

The judgment of the circuit court is affirmed.

SMITH, P.J., and ROBERTS, J., concur.

RUDOLPH and LEEDOM, JJ., dissent.

RUDOLPH, J., (dissenting). The jury could reasonably find that when plaintiff discovered it could not obtain the three locations for billboards as provided in the written contract and so informed the defendant that the written contract was then abandoned. It was not until several weeks after this discovery that defendant and plaintiff's representative made the trips into the country and finally agreed upon locations for billboards. At this time nothing was said about the written contract or the period of time for payments. Defendant testified that these locations were not substitute locations for those in the written contract. Whether the oral agreement was for a substitution of the locations provided in the written contract or a new agreement between the parties, I believe was a question for the jury.