297 P.2d 1102

**Bert CAVANAGH, d/b/a Bert Cavanagh Realty, Appellant,**

v.

**James E. KELLY, and Louise Kelly, his wife, Appellees.**

No. 6062.

Supreme Court of Arizona.

May 22, 1956.

Shimmel, Hill & Cavanagh by Ferris W. Bellamak, Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp by John P. Frank and Walter Cheifetz, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal by plaintiff Bert Cavanagh from a summary judgment granted in favor of defendants James E. Kelly, et ux.

Plaintiff, a licensed real estate broker, was engaged by one McBroom to find a buyer for McBroom's business consisting entirely of personalty. Defendant Kelly was procured by plaintiff as a prospective purchaser but it developed that McBroom wanted a larger cash down payment than defendant was willing or able to pay. Defendant therefore entered into an oral agreement with the plaintiff whereby defendant would pay plaintiff $15,000 in three equal annual installments. This represented commission McBroom would have been

obliged to pay plaintiff had the sale been handled in the customary manner.

When the first installment became due plaintiff learned that defendant did not intend to pay plaintiff any money and this action was instituted. The trial court granted a motion for summary judgment made by defendant upon the theory that section 58–101, A.C.A.1939 [A.R.S. § 44–101], statute of frauds, rendered the oral contract unenforceable.

Four questions are presented for our consideration. Two concern sections of the statute of frauds, both of which defendants argue are applicable. Another question is that if the agreement does fall within either provision of the statute of frauds, has it been removed from the provisions thereof by the plaintiff's full performance of his part of the contract? And the last one is, was there a consideration for the agreement between plaintiff and defendant Kelly?

 We will take up the question of consideration first. If there was no consideration for the agreement then there is no necessity for our consideration of the other issues. A benefit to the promisor or a loss or detriment to the promisee is a good consideration. Federal Rubber Co. v. Pruett, 55 Ariz. 76, 98 P.2d 849, 126 A.L.R. 1238; 17 C.J.S., Contracts, § 70, p. 420. In the case at bar according to the allegations of the complaint which we must accept as being true in determining this appeal, Kelly promised to pay plaintiff the amount now sued for in return for plaintiff's agreement to allow Kelly to pay to him the sum of $15,000 in three annual installments to which he would otherwise have been entitled as commission from McBroom upon the consummation of the sale. Plaintiff agreed to this. Otherwise there would have been no sale at all. He surrendered his right to look to the seller for his commission in consideration of Kelly's promise to pay said sum in installments as above related. We have thus a detriment to plaintiff in surrendering his right to look to McBroom for his commission if the sale to Kelly should be consummated, and a benefit flowing directly from plaintiff to Kelly in that he (Kelly) would thereby be enabled to purchase the property involved which he otherwise would not have done. Therefore it cannot be said that the agreement between plaintiff and Kelly is without consideration.

 Neither can it be said that it is a promise to answer for the debt or miscarriage of another. We take the view that at the time the agreement between plaintiff and Kelly was made, McBroom was not in-

debted to plaintiff for the reason that he had not then sold his personal property to Kelly. In other words, the sale had not been completed. Not until that sale was consummated was McBroom obligated to pay plaintiff anything. The agreement between plaintiff and Kelly was an independent agreement based upon adequate consideration as above stated wherein Kelly agreed to pay plaintiff the sum of $15,000 in three annual installments in order to enable Kelly to make a down payment satisfactory to McBroom for the purchase of the property involved. This agreement created an indebtedness from Kelly to plaintiff before any obligation from McBroom to plaintiff for a commission came into existence, thus enabling McBroom to sell his property to Kelly by accepting a smaller down payment.

The applicable portions of the statute of frauds, section 58–101, A.C.A. 1939, § 44–101, A.R.S.1956, are as follows:

"No action shall be brought in any court in the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

"2. To charge a person upon a promise to answer for the debt, default or miscarriage of another;

\* \* \* \* \* \*

"5. Upon an agreement which is not to be performed within the space of one (1) year from the making thereof."

We have seen above that the agreement does not fall within subdivision 2 of section 58–101, supra, but we are of the view that it does fall within the provisions of subdivision 5, of said section in that it was not to be performed within a year from the date the agreement was made.

This court has consistently held in accord with the majority rule in the United States that if the aggrieved party has fully performed his part of the oral agreement falling within the statute of frauds (except as it applies to real estate commissions) the agreement is taken out of the operation of the statute. Steward v. Sirrine, 34 Ariz. 49, 267 P. 598; Norton v. Steinfeld, 36 Ariz. 536, 288 P. 3. The court there held that full performance on the part of the plaintiff took the case out of the statute of frauds, citing Kilbourn v. Marshall, 24 Ariz. 63, 206 P. 785. To the same effect is Murphy v. Smith, 26 Ariz. 394, 226 P. 206, 209. We said:

"We think the rule in this country is universal that 'the provisions of the statute of frauds, or of uses and trusts, have no application where the agreement has been completely performed as to the part thereof which comes

within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing.' " Citing cases from Oklahoma from which the quote was taken.

This rule was again reaffirmed in Sullivan v. Townsend, 30 Ariz. 63, 243 P. 913; see also 6 A.L.R.2d, Annotations on the subject, p. 1111 et seq. This is not only the majority rule in the United States but is the rule in England and has been since the case of Donellan v. Read, 1832, 3 Barn & Ad 899, 110 Eng.Reprint 330. In this case according to the record plaintiff had fully performed his part of the contract. Nothing remained to be done but the payment of the money by Kelly.

Following the above rule, we hold that this contract was taken out of the statute of frauds by the alleged full performance on the part of plaintiff, and that plaintiff, under the allegations of the complaint, was entitled to a trial of his cause of action on its merits and that the court erred in granting summary judgment in favor of the defendants.

The judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent with this decision.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.