409 P.2d 711

**Al STOVALL, d. b. a. Stovall Manganese Desert Enterprises, Inc., Appellant,**

**v.**

**Earl C. WILLIAMS et al., Appellees.**

**No. 7666.**

Supreme Court of Arizona.

In Division.

Jan. 12, 1966.

Rehearing Denied Feb. 23, 1966.

1

**2**

Christy, Kleinman, Peterson, Hoyt & Fuller, by Chester J. Peterson, Phoenix, for appellant.

Stockton & Hing, by Robert O. Hing, Phoenix, and Harry W. Bagnall, Coolidge, for appellees.

UDALL, Justice.

Earl C. Williams, plaintiff-appellee, hereinafter referred to as plaintiff, brought suit against Kenneth J. De Los Rios, hereinafter referred to as defendant, for the sum of $43,319.50 plus interest for services rendered by plaintiff in mining, loading, and hauling manganese ores and concentrates.

At the time suit was filed, August 10th, 1959, a writ of garnishment was issued and subsequently served on Al Stovall, d. b. a. Stovall Manganese Desert Enterprises, Inc., hereinafter referred to as garnishee-defendant. On the 21st day of August, 1959, garnishee-defendant filed an answer to the writ of garnishment, stating he was indebted to defendant in the sum of $26,764.42. On May 27, 1960, more than nine months later, garnishee-defendant filed an amended answer to the writ of garnishment, alleging the garnishee was not indebted to defendant in any sum but that the defendant was indebted to garnishee-defendant in the sum of $45.73.

A trial upon the issues in the case, including the issue raised by the writ of garnishment, and answer thereto, was held on the 14th day of July, 1961, before the court without a jury. The court took the matter under advisement and on December 29, 1961, entered judgment in favor of plaintiff and against defendant in the sum of $28,552.28, together with interest thereon at the rate of six percent per annum. The court at the same time entered judgment in favor of plaintiff and against garnishee-defendant in the sum of $26,764.42. It was further ordered by the court that plaintiff have judgment on defendant's counterclaim, and the court stated that the judgment ordered in the case was not a determination of any amount due defendant from the garnishee-defendant in excess of said judgment for $26,764.42. From the judgment entered by the court on December 29, 1961,

the garnishee-defendant appealed. Defendant, however, did not appeal.

The chief issue in controversy at the trial was whether the garnishee-defendant was indebted to defendant in the sum of $26,764.42 or any lesser sum at the time the writ of garnishment was served. To settle this controversy the court apparently looked to the terms of the contract between garnishee-defendant and defendant, for mining, loading, and hauling manganese ores from the properties on which defendant had a lease to the place or places designated in the contract by the contracting parties, and looked to any supplemental contracts made between defendant and garnishee-defendant pertaining to mining, loading and hauling of said ore.

Garnishee-defendant first contends the agreement for mining, loading, and hauling of manganese ore, entered into between defendant Stovall and defendant-garnishee Rios, was reduced to writing, and that subsequently it was modified on April 26, 1959.

The plaintiff admits that defendant and garnishee-defendant did operate under terms of the original agreement as modified until about the middle of July 1959, when it is contended, by plaintiff, that garnishee-defendant and defendant further modified the mining and hauling agreement so that defendant Rios would receive 50% of the value of the ore for mining, loading, and hauling, instead of 35% which he had prior to that time received.

The contention of plaintiff is substantiated by a series of statements which are filed in the case as defendant's Exhibit 25 in evidence. These statements, prepared by garnishee-defendant and addressed to defendant Rios, conclusively show that defendant had mined, loaded and hauled exactly 2500 long dry tons of ore as indicated by statements dated May 25th, June 10th, June 18th, June 23rd, July 1st, July 10th, and the first part of the statement dated July 20th; and that defendant received payment at the rate of 35% of the value of said ore as deliverd. The statement dated July 20th, 1959 shows that defendant, after 2500 long dry tons were delivered, was thereafter to be paid 50% of the value of all ores delivered under terms of the contract. The last portion of the statement dated July 20th, together with two statements dated July 31st and a statement dated August 12th, shows that defendant Rios was to receive 50% of the value, and in the statement dated August 12th it is shown the sum of $26,-764.42 was then due defendant from garnishee-defendant.

Since these statements addressed to defendant Rios were prepared and signed by Al Stovall, the garnishee-defendant, and since Rios had received payment under terms of the statements, the trial court had substantial evidence upon which to base its finding that the garnishee-defendant was indebted to defendant Rios in the sum of $26,764.42, the amount stated in his answer

4

as garnishee. The garnishee-defendant's first assignment of error is without merit.

■ Garnishee-defendant next contends that if he promised to pay the defendant 50% of all ore mined, loaded and hauled after the 2500 long dry tons had been delivered there was no consideration to support such a promise since the earlier agreement called for payment to defendant in the amount of 35%.

There is evidence in the record which shows the increase in percentage, which garnishee-defendant agreed to pay defendant, was made in order to encourage increased production by defendant before the expiration of the deadline set by the government for purchase of manganese ore. There is also evidence that both parties would benefit by the increased production. This evidence is substantiated by the course of dealings of the parties, as is set out in the series of statements made by Stovall and received by Rios, and the trial court was justified in reaching the conclusion there was a benefit to both parties in speeding up delivery of this ore before the deadline set by the government.

■ We have held that any detriment to promisee, or benefit to promisor, constitutes a valid and sufficient consideration for a new promise which would in effect modify terms of the original agreement. Cavanagh v. Kelly, 80 Ariz. 361, 297 P.2d

1102; Tucson Federal Savings & Loan Ass'n v. Aetna Inv. Corp., 74 Ariz. 163, 245 P.2d 423; Federal Rubber Co. v. Pruett, 55 Ariz. 76, 98 P.2d 849, 126 A.L.R. 1238.

■ The garnishee-defendant makes the further claim that plaintiff is not entitled to judgment against garnishee-defendant until a judgment has been established between defendant Rios and garnishee-defendant Stovall. This contention is without merit. Plaintiff was not required to pray in his complaint that the court establish the exact indebtedness due from garnishee-defendant to defendant, nor did either garnishee-defendant or defendant in their pleadings ask the court to establish the amount of indebtedness due from one party to the other. In compliance with the pleadings and in accordance with evidence introduced in the case the court did find that garnishee-defendant was indebted to defendant in the amount of $26,764.42, and in accordance with said finding rendered judgment in favor of plaintiff and against garnishee-defendant for that sum.

To fully preserve the rights of garnishee-defendant and the defendant in reference to any indebtedness that existed between them the trial court held:

"That the judgment hereby granted against garnishee-defendant is not a determination of any amount due the defendant from garnishee-defendant in

excess of the amount of said judgment, if any."

Judgment against garnishee-defendant is affirmed.

BERNSTEIN, V. C. J., and LOCK-WOOD, J., concurring.