[Civil No. 1510. Filed April 18, 1917.]

[164 Pac. 318.]

KATHERINE McMILLON, Appellant, v. THE TOWN OF FLAGSTAFF, a Municipal Corporation, Appellee.

1. REFORMATION OF INSTRUMENTS—MUTUALITY OF MISTAKE.—A deed containing a perfectly plain description of a certain 40 acres would not be reformed, where no mistake was made by the scrivener, and the land was that which the purchaser intended to buy, and the mistake was solely that of the vendor as to the proper description.

   [As to reformation of instruments on the ground of mistake, see notes in 30 Am. St. Rep. 621; 117 Am. St. Rep. 227.]

2. REFORMATION OF INSTRUMENTS—RATIFICATION.—Where at the time of contract and partial cash payment deed of the property was placed in escrow, the later acceptance by vendor of the agreed purchase price and her permitting the escrow-keeper to deliver the deed to the purchaser after she discovered a misdescription of the land in contract and deed operated as a surrender of her claim of mistake and a ratification of the written instrument as speaking the truth.

3. EQUITY—DISTURBANCE OF EXECUTED CONTRACT.—Where parties, with full knowledge of the terms and conditions of a contract, dealing at arm's-length, fully perform it, equity will not interfere or lend its aid to disturb the situation.

APPEAL from a judgment of the Superior Court of the County of Coconino. F. W. Perkins, Judge. Affirmed.

Mr. Thomas A. Flynn and Mr. Francis D. Crable, for Appellant.

Mr. Edward M. Doe, Mr. Mercer Hemperly, and Messrs. Jones & Jones, for Appellee.

ROSS, J.—This action was brought by the appellant, who was the plaintiff below, to reform a deed for 40 acres of land executed by her to the town of Flagstaff, appellee, for a consideration of $4,500. The land was purchased for a reservoir site for the town. Negotiations for its acquisition had been carried on since some time in the summer or fall of 1913 and until April 24, 1914, on which day a written agreement was entered into between the parties, whereby appellant gave a 40-day option to the appellee to purchase the "east one-half of the northwest quarter of the northwest quarter and west one-half of the northeast quarter of the northwest quarter of section 4 in township 21 north, range 7 east of the Gila and Salt River base and meridian, situate in Coconino county, state of Arizona." At the same time and place the appellant executed her deed to the appellee for the identical property described in the contract and placed the same in escrow. A cash payment of $500 was made to the appellant, and, by the agreement, the appellee was to pay the balance of $4,000 on or before 40 days, and upon such payment was to receive from the escrow-keeper the deed to the above-described property. Some time after the execution of the contract of sale and the deed, and prior to the expiration of the option, the appellant, who was preparing to farm some portion of the described land, was notified by some person acting for the appellee that her farming operations were upon land that had been sold or optioned to the town of Flagstaff, whereupon the appellant, claiming that the contract and deed failed to describe the land she intended to sell, requested the appellee to change the description in said instruments by substituting therefor "northwest quarter of the northwest quarter" of section 4 in township 21 north, range 7 east of the Gila and Salt River base and meridian. The municipal authorities of Flagstaff refused to make the changes requested, and insisted that the contract be performed as originally written and executed. Later the appellant accepted from the appellee the balance of $4,000, and the escrowed deed was delivered to appellee.

Negotiations of the sale were all carried on personally by the appellant. She submitted testimony on the trial to the effect that the northwest quarter of the northwest quarter was "pasture land" or "rocky land," and that she understood it to be

the land she was selling. When questioned concerning the contract of sale, she said:

"I did not even read it carefully. I thought I knew the land so well. . . . I thought it was the pasture land I was selling; I was positive that was the land I was selling them at that time."

It is shown that the matter of the description of the land as contained in the contract and deed was not discussed at the time of signing or at any other time prior to her discovery of the alleged mistake.

The above is a condensed statement of the facts as disclosed by the pleadings and the evidence introduced on behalf of the appellant. At the close of her case the appellee moved for judgment, basing its motion upon a lack of evidence to establish the appellant's cause of action or any cause of action against the appellee. The motion was granted, and judgment was entered against appellant, from which she appeals.

The finding of the trial court on the question as to whether there was mistake in the description of the premises conveyed or not is as follows:

"That the lands and rights of way agreed by plaintiff to be by her sold and conveyed to defendant were the identical lands and rights of way mentioned and described in the said agreement and in the said deed, and that the same were the identical lands and rights of way which the defendant intended to buy and acquire from plaintiff, and that no mistake was made by the scrivener who drew the said agreement and deed, or otherwise, or at all."

We think the finding was fully justified by the evidence.

The trial court properly ordered judgment for the appellee for two good and sufficient reasons:

First. The evidence failed to show the mistake, if any, was a mutual mistake. At most, it was a unilateral mistake as to the identity of the subject matter. It is not shown that the appellee intended to purchase any other piece of land than the one described in the contract and deed.

"A party to a contract cannot avoid it on the ground that he made a mistake where there has been no misrepresentation, and there is no ambiguity in the terms of the contract, and the other contractor has no notice of such mistake, and acts in perfect good faith. A unilateral error, it has been said, does

not avoid a contract." 6 R. C. L., § 42, p. 623; 9 Cyc. 394; 34 Cyc. 915.

Second. After the appellant had discovered the misdescription of the land in the contract and deed, as she claimed, she accepted the agreed purchase price and permitted the escrow-keeper to deliver over to appellee the deed conveying the property. In doing so it would seem that she surrendered her claim of mistake and acquiesced in and ratified the written instrument as speaking the truth.

Where parties with full knowledge of the terms and conditions of a contract, dealing at arm's-length, fully perform it, equity will not interfere or lend its aid to disturb the situation. Appellant, after full knowledge of all the facts, accepted the consideration and delivered the deed of conveyance, and thereby, we think, foreclosed herself from ever thereafter questioning the transaction. 34 Cyc. 942, and cases cited under notes 13 and 14.

Judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.