## No. 13,369.

### MILLER *v.* HANNA-LOGAN, INC.
(37 P. [2d] 393)

Decided September 10, 1934.   Rehearing denied October 8, 1934.

Mr. CHAS. W. V. FEIGEL, Mr. CHARLES ROSENBAUM, for plaintiff in error.

Mr. JACOB S. SCHEY, Mr. HERBERT M. BAKER, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

HANNA-LOGAN, Inc., referred to herein as the plaintiff, obtained a judgment against Joe Miller and William Ashenbrenner.  Miller alone seeks a reversal of that judgment.

The plaintiff sold to Ashenbrenner a truck, taking from him his promissory note for part of the purchase price. The note was secured by a chattel mortgage of the truck. Ashenbrenner was a tenant working a farm for a share of the crops. Miller, according to the plaintiff's contention, was directly interested, as one of the landlords or otherwise, in the farming operations. Default occurred in the payment of the note, and on January 4, 1932, the plaintiff was about to take possession of the truck by virtue of the terms of the chattel mortgage, whereupon Miller, according to the plaintiff's contention, promised the plaintiff that if the plaintiff would refrain from taking possession of the truck and permit it to be used on the farm, he, Miller, would pay the note in full as soon as payment was received for the sugar beets to be raised on the farm during the crop season of 1932. The plaintiff alleged that in consideration of that promise it refrained from foreclosing the mortgage, that payment for the sugar beets for the season of 1932 was made, that the note was not paid, and that Miller refused to pay the same.

1. Miller contends that the promise was to pay the debt of another and was void because not in writing, as required by the statute of frauds. The contention is without merit. There were circumstances in evidence tending to show that Miller was financially interested in the farm operations and that he made the promise to promote his own interest, and the verdict indicates that the jury so found; hence the promise was an original promise and was not within the statute of frauds, notwithstanding the fact that Ashenbrenner was not released from liability. *Moon v. Greenlee,* 69 Colo. 482, 195 Pac. 1100.

2. Another contention is that there was no consideration for the promise. It is said that when the promise was made by Miller the plaintiff did not own the note and had no lawful right to foreclose, and its refraining from doing what it had no right to do was

without effect and constituted no consideration for Miller's promise.

When the plaintiff received the note it endorsed it generally and delivered it to one Mahaski, who was doing business as a finance company and was financing the automobile paper of the plaintiff. The note had been "discounted" by him. At the time the promise was made (January 4, 1932) Mahaski "was carrying the note." But, according to the evidence, he refused to carry it longer than March 4, 1932. Later on the plaintiff took up the note. Whatever the exact relation between the plaintiff and Mahaski was before the plaintiff took up the note, the plaintiff was in fact demanding payment of the note, and upon default was about to take possession of the truck; and there is evidence from which it may be inferred, not unreasonably, that it refrained from doing so in consideration, in part at least, of Miller's promise to pay. Perhaps it is not an unfair inference to draw from the evidence that the "financing" arrangement between Mahaski and the plaintiff required, or at least permitted, the plaintiff to look after the collection of discounted paper and the foreclosure of chattel mortgages securing the same. At any rate, the fact that possession of the truck was not taken in January, 1932, seems to have been due, in part if not wholly, to Miller's promise to pay. But whatever doubt there may be concerning the plaintiff's rights before taking up the note, the plaintiff, after taking it up, clearly had the legal right to foreclose, and its refraining therefrom was a sufficient consideration for Miller's promise to pay. It constituted the acceptance of an offer by an act.

There are other assignments of error, but they are without merit and do not require discussion in this opinion.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.