420 P.2d 163

Beuford YARBRO and Beuford Yarbro doing
business as Yarbro Farms, Inc., Appellants,

v.

NEIL B. McGINNIS EQUIPMENT CO.,
an Arizona corporation, Appellee.

No. 7941.

Supreme Court of Arizona.

In Banc.

Nov. 9, 1966.

McKesson, Renaud & Cook, and Theodore A. Julian, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, William F. Haug, and Timothy W. Barton, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

This case is before us on an appeal from a judgment of the Superior Court of Maricopa County. The appellee, McGinnis Equipment Co., brought suit to recover payments due it pursuant to a conditional sales contract for the sale of one used Allis-Chalmers Model HD–5G tractor. The contract was negotiated in August of 1957 and called for twenty-three monthly installments of $574.00 each. The buyer, Russell, failed to make the first monthly payment, and on his suggestion a McGinnis company representative met with the appellant, Yarbro, to ask if he would help with the payments. As a result of this meeting Yarbro agreed to, and did, pay the September installment.

In the months that followed there was a continued failure on the part of Russell to make any of the monthly installment payments. During the late months of 1957 and the early months of 1958, there were numerous discussions between McGinnis Co., Russell and Yarbro relative to these monthly payments and at various times during this period, the defendant orally agreed to make some of the payments for Russell. Late in December of 1957, Yarbro gave the McGinnis Co. a check to cover one of the delinquent payments but the check was returned due to insufficient funds. In March of 1958, Yarbro agreed to bring the account of Russell current and allocated $2,378.00 of a check for this purpose. This check, however, was also returned by the bank for lack of sufficient funds.

In May, 1958 when McGinnis Co. indicated that the tractor soon would have to be repossessed, Yarbro again assured the company that it would be paid as soon as two pending real estate escrows were closed. This promised payment was not made. A similar promise was made by Yarbro in July on the strength of proceeds that were

to be forthcoming from an oat crop in New Mexico but again no payment was made. An ultimatum was issued by the McGinnis Co. at the end of July, 1958 and finally steps to repossess were taken in August of 1958.

Persons at the Yarbro ranch prevented the repossession, leading to further negotiations which also provided unfruitful. The tractor was finally repossessed in January of 1959. Subsequently, the McGinnis Co. brought an action to recover the payments due under the conditional sales contract, naming Russell and Yarbro as defendants. A default judgment was entered against Russell and the only question before this court now concerns the liability of the defendant, Yarbro. The trial court found Yarbro liable for the entire balance under the conditional sales contract ($8,751.95).

· The errors assigned by the defendant on this ·appeal are threefold. First, he contends that his promises to pay the debts of Russell, being oral, are unenforceable by reason of the Statute of Frauds. § 44–101, subsec. 2. Second, he contends that there was insufficient consideration to support the promise assuming it was otherwise enforceable. Third, he contends that if the Statute of Frauds were held to be inapplicable to this case, the judgment rendered by the trial court was excessive. The third assignment of error is based on defendant's arguments that he only promised to pay four, rather than all, of the unpaid monthly installments. We will consider these contentions separately.

A.R.S. § 44–101, commonly known as the Statute of Frauds provides:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunder lawfully authorized:

"2. To charge a person upon a promise to answer for the debt, default or miscarriage of another.

Although the promises made by Yarbo clearly were of the type covered in the above statute, the plaintiff contends that the leading object or primary purpose exception recognized by this court in the case of Steward v. Sirrine, 34 Ariz. 49, 267 P. 598, is applicable. Simply stated, this rule provides that where the leading object of a person promising to pay the debt of another is actually to protect his own interest, such promise if supported by sufficient consideration, is valid, even though it be oral. This rule has been adopted by a great number of states although the rationale has often been stated in varying terms. This exception to the Statute of Frauds no matter how stated, is based upon the underlying fact that the Statute does not apply to promises related to debts created at the instance, and for the benefit, of the promisor, (i. e. "original" promises) but only to those by which the debt of one party is sought to be charged upon and collected from another (i. e. "collateral" promises). Although a third party is the primary debtor, situations may arise where the promisor has a personal, immediate and pecuniary interest in the transaction, and is therefore himself a party to be benefitted by the performance of the promisee. In such cases the reason which underlies and which prompted the above statutory provision fails, and the courts will give effect to the promise. Schumm, by Whyner v. Berg, 37 Cal.2d 174, 231 P.2d 39, 21 A.L.R.2d 1051; Restatement of Contracts, § 184.

Recognizing the leading object rule as a well reasoned exception, the question remains whether the facts presently before this court' make the exception applicable. There are no easy, mathematical guidelines to such a determination. To ascertain the character of the promise in question and the intention of the parties as to the nature of the liability created, regard must be had to the form of expression, the situation of the parties, and to all the circumstances of each particular case. Meinrath Brokerage Co. v. Collins-Dietz-Morris Co., 8 Cir., 298 F. 377; Amons v. How-

ard, 111 Okl. 195, 239 P. 217. The assumption behind the exception is that it is possible for a court to infer from the circumstances of any given case whether the "leading object" of the promisor was to become a surety for another or whether it was to secure a pecuniary advantage to himself and so, in effect, to answer for his own debt. The leading object may be inferred from that which he expected to get as the exchange for his promise. Thus, it is neither "consideration" alone (for there must be consideration to make any promise enforceable, including one of guaranty) nor "benefit" alone (for in most every guaranty situation at least some benefit will flow to the promisor-guarantor) that makes an oral promise to pay the debt of another enforceable. Rather, there must be consideration and benefit *and* that benefit must be the primary object of making the promise as distinguished from a benefit which is merely incidental, indirect, or remote. It is when the leading and main object of the promisor is *not* to become surety or guarantor of another, even though that may be the effect, but is to serve some purpose or interest of his own, that the oral promise becomes enforceable. Schumm, by Whyner v. Berg, supra.

The facts in the present case show that before the McGinnis Co. ever began its dealings with Russell, Yarbro had sought to purchase the tractor in question for himself, but that no sale had resulted because the financing institution with which the McGinnis Equipment Co. financed such deals would not accept Yarbro's credit. It was at this point that Yarbro said that he thought he could get Russell to buy the tractor. Further evidence of Yarbro's interest in the tractor comes from the fact that after its purchase he had borrowed it on a series of occasions. When repairs were needed shortly after Yarbro had made the first installment payment, the McGinnis Co. repairman found the machine on Yarbro's land. He admits that a number of times he used the tractor for jobs around his ranch, and witnesses stated at the trial that Yarbro had asked on several occasions that the McGinnis Co. not repossess the tractor because he needed it. These requests were usually in conjunction with a promise to pay what was owing on the tractor.

We have often stated that this court will not disturb the findings and judgment of the trial court when supported by substantial evidence and that all the evidence and inferences therefrom must be viewed in a manner strongest in favor of the appellees. Almada v. Ruelas, 96 Ariz. 155, 393 P.2d 254, 257; Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003, 1006. We find that there was substantial evidence to support the trial court's conclusion that the main and leading object of Yarbro in making his promises to McGinnis Co. was not to become Russell's guarantor but rather was to serve interests of his own.

Yarbro further contends that if the oral character of the promise does not prevent its enforcement, than a failure of consideration does. We, of course, recognize that a promise must be supported by consideration or some substitute in order to be legally enforceable, but find this requirement to be fulfilled in the present instance. In Cavanagh v. Kelly, 80 Ariz. 361, 297 P.2d 1102, we held that a benefit to a promisor or a loss or detriment to the promisee is good consideration to legally support a promise. In the present case, the McGinnis Co. had a legal right to repossess the subject of its conditional sales contract, but the evidence shows that it forbore from doing so because Yarbro promised that he would pay the delinquent installment payments. This forbearance was not only a legal detriment to the McGinnis Co., but as previously noted, was a substantial benefit to Yarbro. Forbearance by a creditor to seize his debtor's property or enforce a lien against it, has often been held to be sufficient consideration to support an oral promise of guaranty when such forbearance enables the promisor to obtain an advantage or benefit. Miller v. Hanna-Logan, Inc., 95 Colo. 464, 37 P.2d 393; Kahn v. Waldman, 283 Mass. 391, 186 N.E. 587, 88 A.L.R.

699; Stephen v. Yeomans, 112 Mich. 624, 71 N.W. 159; Dybdahl v. Continental Lumber Co., 133 Wash. 81, 233 P. 10.

Thus, when the main purpose of the promisor is not to answer for the debt of another, but to obtain a substantial benefit to himself, which he actually secures as the consideration for his promise, then not only is the promise valid though oral, it is supported by good and sufficient consideration.

The defendant also contends that assuming his promise was not within the contemplation of the Statute of Frauds, the eventual judgment rendered against him was excessive. With this contention, we agree.

The trial court granted judgment in the amount of $8,751.95 which represents the entire unpaid balance of the contract purchase price reduced by the $5,000 received by the plaintiff at an auction sale of the repossessed machine. To hold Yarbro liable for the complete contract price, the evidence must indicate that his promises to pay went not only to delinquent payments but also to the remainder of the payments under the contract. The evidence, however, does not show this.

It is clear from the testimony of the creditor's agents that each time they visited Yarbro and Russell, only past due payments were requested. It is also clear from their testimony that there were no promises by Yarbro to assume future installment payments. The only evidence regarding a promise to pay in the future appears in Yarbro's own testimony on direct examination, and is as follows:

"Q. What was said by you concerning the * * * Russell obligation?

"A. I told them that * * * if they would give me time I would pay for this tractor and take it over."

The creditors failed to make any such arrangements, and under such circumstances the above statement cannot be considered to rise to the dignity necessary to obligate the defendant to pay future installment payments. When one assumes a portion of the debt of another it does not necessarily follow that he has assumed his entire debt.

 The record indicates that the last time that Yarbro was contacted prior to repossession was shortly after the July, 1958 installment came due. At this time, claiming anticipated crop proceeds for assurance, he promised to make all past due payments on the equipment. No later promises were made. Accordingly, we find Yarbro liable for the monthly installments from October, 1957 through July, 1958 only. The trial court judgment is reduced correspondingly.

Judgment affirmed as modified.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.