537 P.2d 44

**Bob GILL dba Gill Plumbing, Appellant,**

**v.**

**Edward J. KREUTZBERG, James W. Sipos, Nicholas P. Habib and Winston P. Craighead, Appellees.**

**No. 1 CA–CIV 2626.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 24, 1975.

Rehearing Denied Aug. 5, 1975.

Review Denied Oct. 14, 1975.

George W. Oglesby, Phoenix, for appellant.

Pasquale R. Cheche, Phoenix, for appellee Kreutzberg.

Allan J. Besbris, Phoenix, for appellees Sipos and Habib.

## OPINION

DONOFRIO, Judge.

This is an appeal from a judgment on a suit brought by Bob Gill, dba Gill Plumbing, against the appellees and a corporation in which the individual appellees were once stockholders. The trial court ruled that the corporation was liable to Gill for certain plumbing work his company had done on three houses and two fourplexes, but the court found that the individual defendants were not liable for the debt. The amount in controversy is $6,508.88 which remains unpaid to appellant. We agree with appellant that the amount owing is not in controversy at this time, but that the issue is whether the appellees are legally bound to pay appellant. We hold that the individual appellees are liable for the debt.

Appellant was originally engaged as a plumbing contractor by Black Canyon Construction, Inc. to do the plumbing work on some houses and apartments that it was building for ultimate sale. Originally these individual appellees were stockholders in the corporation. Gill did plumbing work on the structures as ordered by these appellees and other stockholders of the corporation, but was not paid for all of the work done. In October 1971 these four appellees sold their interest in the corporation to another individual, and in the agreement for sale of their stock they agreed to assume the liabilities and take the potential profits from the completion of the five structures on which Gill was the plumbing contractor. The corporation was indebted to Gill at that time for work already done on the partially completed structures. Subsequent to this agreement Gill furnished additional labor and material toward the construction of the five structures for which he was not paid. He filed suit in March 1972 against the corporation and the individual stockholders/defendants for his accumulated debt. Subsequent to filing the suit Gill met with these appellees and the parties arrived at an agreement. In the agreement the appellees, Sipos, Habib and Kreutzberg, assumed the existing debt owed to Gill for work already performed by him, and to induce him to continue and complete the plumbing work on three of the structures not yet completed they agreed to pay him a cash advance plus an additional sum within thirty days thereafter. In the agreement Gill agreed to abate the suit he had filed against them and to dismiss it if they performed in accordance with the agreement. The cash advance was paid and Gill completed the first phase of the work. Thereafter Gill ceased work for the appellees altogether upon their refusal to pay him in accordance with the agreement.

Subsequently appellee Kreutzberg was successful in an effort to get the original suit dismissed on the grounds that Gill was not an intended beneficiary under the October 1971 stock sale agreement. Gill was, however, allowed to amend his complaint setting up the subsequent agreement between himself and the individual appellees as his claim. At the trial before a judge sitting without a jury it was held that the individual appellees Kreutzberg, Habib and Sipos were not liable to Gill but that the corporation was liable for $6,508.88.

Appellees advanced three defenses at trial and since no findings of fact or conclusions of law were made we must look at each to determine whether the court was warranted in finding in favor of the appellees on any one of them.

Throughout the trial of this matter there was an attempt to show some form of at-

torney misconduct on the part of appellant's attorney due to the fact that he drew up the agreement between Gill and the appellees and that it was signed in his office subsequent to filing the original action and at a time when the defendants were represented by an attorney. We have reviewed the record in its entirety and find no basis for an allegation of attorney misconduct.

Appellees assert first that the agreement of April 14, 1972 between Gill and the appellees was invalid because not supported by consideration. Forbearance to assert a legal claim is valid consideration for a contract. 17 Am.Jur.2d, Contracts §§ 115, 117. At the time this agreement was entered into Gill had already filed suit against these appellees and in accordance with the agreement he agreed to abate the action and to dismiss it if these defendants/appellees performed in accordance with the agreement. He did not know at the time that this portion of his suit would be subsequently dismissed, and it appears that he had a reasonable belief in its original validity. We hold that this was valid consideration for the agreement with the appellees. See Yarbro v. Neil B. McGinnis Equipment Co., 101 Ariz. 378, 420 P.2d 163 (1966); Dybdahl v. Continental Lumber Co., 133 Wash. 81, 233 P. 10 (1925). Aside from this forbearance it seems that Gill had partially performed plumbing work in accordance with the agreement and had been partially paid by the appellees therefor. He had therefore changed position in reliance on the agreement. It has been held that a benefit to the promisor or a loss or detriment to the promisee is good consideration for a contract. Cavanagh v. Kelly, 80 Ariz. 361, 297 P.2d 1102 (1956). In the instant case the defendants had the benefit of a possible profit from the completion and sale of the structures and the abatement of a pending lawsuit against them. The burden was on the appellees to prove a lack of consideration for the agreement which our review of the record shows they have not

succeeded in doing. Brand v. Ellege, 101 Ariz. 352, 419 P.2d 531 (1966).

Appellees also asserted as a defense in an effort to have the agreement declared invalid, that there was a mistake of law on their part, coupled with undue influence of appellant's attorney. As we have noted, there is nothing in the record to support an allegation of attorney misconduct or undue influence. The agreement recites that the appellees entered into the agreement because they desired to bring to completion the structures on which Gill was doing the plumbing work. Also, appellees Sipos and Habib testified that they entered into the agreement with Gill to get the structures completed and to possibly make a profit from their sale. Kreutzberg testified that he signed the agreement because he thought he was liable for the debts of Black Canyon Construction, Inc. arising from the stock sale agreement of October 1971. If this was his reason for entering into the contract with Gill it was a unilateral mistake on his part and would not make the agreement invalid. 17 Am.Jur.2d, Contracts § 146; McMillon v. Flagstaff, 18 Ariz. 536, 164 P. 318 (1917); Restatement of Contracts § 503 (1932).

For their final defense appellees asserted that there was a mutual, material mistake of law that would invalidate the agreement with Gill. The burden of proving a mutual mistake of law is on the party seeking to avoid the contract and must be by clear and convincing evidence. Melvin v. Stevens, 10 Ariz.App. 357, 458 P.2d 977 (1969); 17 Am.Jur.2d Contracts § 146. The record indicates that Gill entered into the agreement to get an assurance of payment from the defendants for past and future plumbing work. Even if he were acting under a mistake of law as to the meaning of the stock sale agreement of October 1971 and appellees' liability to him for the corporation's debts, it was not a part of his reasons for entering into the agreement with appellees. There is also no clear and convincing evidence that Sipos and Habib

were under a mistake of law when they entered into the agreement with Gill. Therefore the record does not support the defense of mutual mistake of law asserted by appellees.

We hold that the agreement between appellant and appellees is a valid enforceable contract, supported by adequate consideration, and the decision of the trial court must therefore be reversed because it was not warranted by the law or the evidence in the record.

Reversed with directions to enter judgment in favor of the appellant and against the appellees for the sum of $6,508.88, together with the legal rate of interest from April 14, 1972, and costs.

OGG, P. J., and FROEB, J., concur.