619 P.2d 1068

In the Matter of the Guardianship and ESTATE of Helen J. MARIOTTE, An Adult Incapacitated and Protected Person.

Virginia SIGLER, Petitioner/Appellant,

v.

Mildred MARIOTTE, Conservator of the Estate of Helen J. Mariotte, Respondent/Appellee.

No. 2 CA–CIV 3647.

Court of Appeals of Arizona, Division 2.

Nov. 4, 1980.

O'Neill & Martin by William A. Martin, Tucson, for petitioner/appellant.

Hayes & Busby by James G. Busby, Tucson, for respondent/appellee.

OPINION

HOWARD, Judge.

This is an appeal from a judgment sustaining the denial of appellant's claim by the conservator of the estate of Helen J. Mariotte. We affirm.

The facts, considered in the light most favorable to upholding the judgment, *Yarbro v. Neil B. McGinnis Equipment Company*, 101 Ariz. 378, 420 P.2d 163 (1966), are as follows:

Appellant Virginia Sigler, resided with Helen Mariotte since 1949. Until 1977, Virginia paid rent. During those 30 years, they were close companions and shared food expenses. In 1976, Helen was hospitalized and went from the hospital to a nursing home. Virginia was anxious for Helen to return home and told Helen's son and daughter–in–law that if Helen were released from the nursing home, she would

take care of her at no charge. Helen's son and daughter–in–law thought that more than one person was needed to care for Helen. On August 7, 1976, Florence Zimmerman was hired on a full–time basis to take care of Helen who then returned home. Florence received her room and board and $85 per week. From then on until December 21, 1977, Virginia paid for her own food and rent which, in December of 1977, had reached the amount of $100 per month. Virginia assisted Florence Zimmerman in taking care of Helen.

On December 21, 1977, Virginia had a confrontation with Helen's son and daughter–in–law. Virginia said she wanted compensation for taking care of Helen. The son and daughter-in-law told Virginia that they were not going to pay her but agreed to absorb her room and board costs. From that time on, Virginia did not pay rent and her food was paid for by Helen's son and daughter–in–law.

On June 15, 1979, Virginia drafted the following document which Helen signed by making an "x":

"I, the undersigned, Helen J. Mariotte, hereby instruct whoever is in charge of my estate, to pay Virginia Sigler on the basis of $85.00 per week, plus room and board, effective August 1, 1976.

This payment may be deferred until after my death, but it is my wish that it be a prior claim over other claims after my funeral expenses, medical, and doctor bills have been satisfied.

This wish shall continue until my death, or until the said Virginia Sigler makes her home elsewhere than my home, 2905 E. Fifth St."

The document was witnessed by two women who testified that Helen was lucid at the time she executed it. About a month later, the daughter–in–law filed a petition for appointment as guardian and conservator of Helen's estate. The petition alleged that Helen was senile and not always lucid. Virginia opposed the appointment of the daughter–in–law and, in her own petition, asked that she be appointed guardian and conservator. Dr. Tretbar reported to the

court that Helen was senile, suffering from Parkinson's Disease and mentally unable to manage her own affairs. The court granted the daughter–in–law's petition and appointed her. Virginia then filed a claim for compensation which was subsequently denied by the conservator. It was for the following amounts: (1) $13,940 for pay at the rate of $85.00 per week for 164 weeks since August 1, 1976, plus $85.00 per week from September 23, 1979 until the claim is paid. (2) $1,700 as rent reimbursement for rent paid at the rate of $100 per month from August 1976 to December 1977. (3) $850 for food from August 1976 until December 1977. (4) $464.35 for the telephone bill from August 1976 through September 1979. (5) $255 for extra compensation for the period July 10, 1976 to August 4, 1979, when she had to take care of Helen without any help. The determinative issue in this case is whether the agreement signed by Helen on June 15, 1979, was supported by consideration.

■ There is substantial evidence that from August 1976 to December 21, 1977, Virginia agreed to perform services free of charge. The rule is that past benefits do not constitute sufficient consideration for a promise conferred under such circumstances as to raise no moral obligation, for example, where services were intended to be rendered gratuitously. *Dullard v. Schafer*, 251 Iowa 274, 100 N.W.2d 422 (1960); *Allen v. Bryson*, 67 Iowa 591, 25 N.W. 820 (1885); *Manwill v. Oyler*, 11 Utah 2d 433, 361 P.2d 177 (1961); *Gooch v. Gooch*, 70 W.Va. 38, 73 S.E. 56 (1911).

■■ The offer of room and board by Helen's son was accepted by Virginia when she continued staying with Helen and caring for her. Acceptance of an offer may be implied from acts or conduct. *Empire Machinery Company v. Litton Business Telephone Systems, Division of Litton Systems, Inc.*, 115 Ariz. 568, 566 P.2d 1044 (App.1977), and see *"Industrial America", Inc. v. Fulton Industries, Inc.*, 285 A.2d 412 (Del.Super. 1971).

Therefore, Virginia's contract with Helen lacked consideration. As to services rendered prior to June 15, 1979 they were intended to be gratuitous until December 21, 1977, and as to those rendered from December 21, 1977 to June 15, 1979, they had already been paid for pursuant to the agreement between Virginia and Helen's son and daughter–in–law.

There was also a failure of consideration to support the agreement to care for Helen from June 15, 1979, in exchange for room and board and $85.00 per week because Virginia was already under a contractual obligation to do so for room and board only. See *Lingenfelder v. Wainwright Brewery Co.*, 103 Mo. 578, 15 S.W. 844 (1891); Williston on Contracts (Third Ed.) Vol. 1, sec. 130. Virginia never rescinded her contract with the son and daughter-in-law.

As for the other items set forth in Virginia's claim, the evidence shows that they were either paid for, erroneously charged, or represented expenses attributable only to Virginia.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.