NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SOVEREIGN BANK, a federally charted banking
organization, *Plaintiff/Appellee*,

*v.*

INTEGRATED MACHINERY, INC., an Arizona
corporation, *Defendant/Appellant*.

No. 1 CA-CV 14-0325
FILED 7-7-2015

Appeal from the Superior Court in Maricopa County
No. CV2011-022496
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Jennings Haug & Cunningham, LLP, Phoenix
By Matthew H. Sloan, Joseph A. Brophy
*Counsel for Plaintiff/Appellee*

Jaburg & Wilk, PC, Phoenix
By Roger L. Cohen, Kathi M. Sandweiss
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**O R O Z C O**, Judge:

**¶1**    Integrated Machinery, Inc. (Integrated) appeals from a judgment in favor of Sovereign Bank.  Integrated contends that after it purchased certain equipment at a private Arizona Uniform Commercial Code (UCC) sale, Sovereign Bank lost any rights it had to enforce Integrated's obligations pursuant to the terms of a forbearance agreement between the parties.  For the reasons stated below, we affirm the judgment and award of attorney fees in favor of Sovereign Bank.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**    In September 2008, VMC Enterprises, Inc. (VMC)[1] purchased two pieces of heavy equipment. [2]  VMC was in the business of leasing equipment and subsequently leased the equipment at issue to Integrated.

**¶3**    Sovereign Bank filed a UCC financing statement regarding this equipment when it sold the equipment to VMC.  When VMC purchased this equipment, all of VMC's inventory and equipment was subject to a perfected security interest in favor of Merrill Lynch Business Financial Services, Inc (Merrill Lynch).

**¶4**    After VMC defaulted on its payment obligations, Sovereign Bank sued VMC to enforce the terms of the master lease agreement.  As a result of that lawsuit, Sovereign Bank and VMC entered into a forbearance agreement.  Pursuant to the forbearance agreement, VMC agreed to a

---

[1]    For ease of reference, VMC includes VMC's guarantors, Richard R. Hammond, VMC's president, and Janice M. Moe, VMC's secretary, who were also parties to the master lease agreement and forbearance agreement.

[2]    Although this transaction was titled a master lease agreement, on appeal, Sovereign Bank does not dispute that VMC actually purchased the equipment from Sovereign Bank's predecessor-in-interest, Global Vantage Ltd.

stipulated judgment in favor of Sovereign Bank in exchange for an agreement that Sovereign Bank would not seek to enforce the stipulated judgment or take possession of the equipment as long as VMC made the payments outlined in the forbearance agreement. Integrated also entered into the forbearance agreement because it had possession of the equipment at the time. Integrated expressly "represent[ed] and warrant[ed]" that if VMC defaulted under the terms of the forbearance agreement, it would voluntarily return possession of the equipment to Sovereign Bank. If Integrated failed to return the equipment within ten days after being requested to do so, it "shall become obligated to satisfy the Forbearance Conditions set forth herein." The forbearance conditions obligated VMC to make payments to Sovereign totaling $127,703.76.

¶5        At this time, Merrill Lynch's successor, Bank of America, held a perfected security interest in all of VMC's inventory and equipment. In February 2011, three months after the parties entered into the forbearance agreement, Bank of America notified Sovereign Bank and other parties that it intended to sell the equipment. Bank of America then sold VMC's assets, including the equipment in Integrated's possession, at a private sale. Integrated purchased all of VMC's equipment at the sale, including the equipment at issue in this case, for $350,000.

¶6        VMC subsequently defaulted on the forbearance agreement, and Sovereign Bank sent a written demand to Integrated to return the equipment or, alternatively, satisfy the forbearance conditions pursuant to section 7(b) of the forbearance agreement. When Integrated did not return the equipment or satisfy the forbearance conditions, Sovereign Bank filed this lawsuit for breach of the forbearance agreement and replevin.

¶7        Integrated filed a counterclaim seeking a declaration that Integrated owned the equipment free and clear of any rights claimed by Sovereign Bank. On cross-motions for summary judgment, the trial court concluded that Integrated became the owner of the equipment after the sale from Bank of America. The court rejected Integrated's contention that the forbearance agreement was no longer valid and found Integrated breached the forbearance agreement. However, the court concluded that because Integrated owned the equipment, Sovereign Bank was not entitled to obtain possession of the equipment by replevin, but was only entitled to money damages for Integrated's breach.

¶8        The trial court awarded Sovereign Bank the amount owed under the forbearance conditions, plus late fees and interest. The court rejected Integrated's claim that it was entitled to attorney fees as the

successful party overall and awarded attorney fees and costs to Sovereign Bank pursuant to the forbearance agreement § 7(b) and Arizona Revised Statutes (A.R.S.) Section 12-341.01 (West 2015). [3]

**¶9**   After an unsuccessful motion for new trial, Integrated filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12-2101.A.1, 5.

## DISCUSSION

### I. Integrated's Purchase of Equipment Did Not Excuse Breach of Forbearance Agreement

**¶10**   On appeal from summary judgment, this court reviews de novo the superior court's application of the law. *State Comp. Fund v. Yellow Cab Co. of Phoenix,* 197 Ariz. 120, 122, ¶ 5 (App. 1999). Contract interpretation is generally a question of law. *Powell v. Washburn,* 211 Ariz. 553, 555, ¶ 8 (2006).

**¶11**   Integrated contends that after it purchased the equipment from Bank of America, it was no longer bound by the forbearance agreement. Integrated argues that its interest is distinct from VMC's and Sovereign Bank's respective security interests in the equipment and imposed no financial obligation on them. Sovereign Bank did not seek to recover the equipment as a result of its security agreement with VMC or any lien. Rather, Sovereign Bank sought damages for Integrated's breach of the forbearance agreement and does not seek to enforce any rights it may have under the UCC.

**¶12**   Integrated entered into the forbearance agreement and voluntarily agreed that if VMC defaulted on its obligations, it would either return the equipment or satisfy the forbearance conditions. When VMC, Sovereign Bank, and Integrated entered into the forbearance agreement, Sovereign Bank obtained a separate right to pursue contract remedies. As a voluntary party to the forbearance agreement, Integrated became liable for contract damages in the event of VMC's breach. The fact that Integrated did not owe money to Sovereign Bank before the forbearance agreement is of no consequence because Integrated voluntarily entered into the forbearance agreement.

---

[3]  We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶13  On appeal, Sovereign Bank does not dispute that Integrated owned the equipment after purchasing it at a private sale in February 2011. The forbearance agreement is an independent contract and did not include any terms that conditioned Integrated's performance on Sovereign Bank maintaining an enforceable UCC security interest. When the terms of a contract are clear and unambiguous, a court must enforce the contract as written. *Estes Co. v. Aztec Constr. Inc.*, 139 Ariz. 166, 168 (App. 1983).

¶14  Integrated argues this court should read the forbearance agreement to require that Sovereign Bank retains a right to possess the equipment. There is nothing in the agreement to support this interpretation. Sovereign Bank was not exercising its rights as a secured creditor, but was enforcing the terms of the forbearance agreement. The forbearance agreement did not require Sovereign Bank to have a right of possession for Integrated to perform. Paragraph 7 of the forbearance agreement states:

> [Integrated] hereby represents and warrants that:
>
>  a. It is currently in possession of the Leased Equipment. Should VMC default under the terms of this Agreement, [Integrated] hereby represents and warrants that Sovereign Bank may recover possession of the Leased Equipment from [Integrated] and [Integrated] shall, upon request by Sovereign Bank, voluntarily return possession of the Leased Equipment to Sovereign Bank.
>
>  b. Should [Integrated] fail to return possession of the Leased Equipment within ten (10) days from receipt of a written request from Sovereign Bank to return possession of the Leased Equipment, then *[Integrated] shall become obligated to satisfy the Forbearance Conditions*. . . . Failure to satisfy the Forbearance Conditions shall result in an action being filed against [Integrated] for breach of this Agreement, the monetary damages . . . [include] but [are] not limited to those set forth in Paragraph 4(d) through 4(i), replevin of the Leased Equipment as well as costs and fees associated with said action[.] (Emphasis added.).

¶15  The only condition imposed on Integrated's performance was VMC's failure to satisfy the forbearance conditions. When this occurred, Integrated became obligated to return the equipment or satisfy the forbearance conditions. Integrated seeks to insert a condition not contained

in the agreement. Therefore, the private sale did not impact Sovereign Bank's right to seek contract remedies under the forbearance agreement.

¶16 Although Sovereign Bank had no right to replevin after the private sale, replevin was not Sovereign Bank's only remedy. Unlike replevin, Sovereign Bank's contractual right to payment is not dependent on owning the equipment or having a right to possession. *See* A.R.S. § 12-1301 (West 2015) (replevin statute). Thus, the superior court did not enter contradictory rulings in denying Sovereign Bank's replevin claim and allowing breach of contract damages.

¶17 Integrated argues that because Sovereign Bank could not take possession of the equipment after the private sale, it had nothing from which to forbear and, thus, the forbearance agreement could no longer be enforced.[4] Integrated argues it is entitled to rescind the contract because Sovereign Bank no longer had an enforceable security interest and right to possess the equipment after the sale. Rescission is justified when there is a failure of consideration of an essential part of the contract. *Hall v. Read Dev., Inc.,* 229 Ariz. 277, 285, ¶ 30 (App. 2012); *Miller v. Crouse,* 19 Ariz. App. 268, 272 (App. 1973).

¶18 The forbearance agreement encompassed the right to repossess the equipment, but it also provided for payment if the equipment was not returned. Because the forbearance agreement gave Sovereign Bank a right to payment from VMC or, alternatively, from Integrated, compensation was another component of the forbearance agreement. Contrary to Integrated's argument, the right to possess the equipment was not the exclusive, essential part of the contract. Thus, when Sovereign Bank lost the right to replevin, the forbearance agreement was not terminated,

---

[4] When the forbearance agreement was enacted, Sovereign Bank gave valuable consideration to VMC and Integrated by agreeing not to enforce its right to take possession or demand payments. "Forbearance to assert a legal claim is valid consideration for a contract." *Gill v. Kreutzberg,* 24 Ariz. App. 207, 209 (App. 1975). In return, Integrated agreed to pay VMC's obligations in the event VMC defaulted. Thus, the parties exchanged consideration. Integrated incorrectly asserts that the date to determine whether Sovereign Bank gave adequate consideration was the maturity date of Integrated's obligations. "The adequacy of consideration which supports a contract is determined as of the date the contract was entered into, not at a later date after other events have occurred." *Carter v. Safeway Stores, Inc.,* 154 Ariz. 546, 548 n.1 (App. 1987) (citation omitted).

Sovereign Bank could still enforce the right to the payment portion of the contract.

¶19　　　　Integrated argues that it could not return the equipment because it was used as collateral for a new loan. The forbearance agreement did not only require Integrated to turn over the equipment; it also provided that Integrated would satisfy the forbearance conditions. Therefore, Integrated could keep the equipment and subject it to another security interest while still being required to pay Sovereign Bank pursuant to the forbearance agreement. Integrated's conduct did not alter its obligations under the agreement.

¶20　　　　In sum, the private sale to Integrated did not affect the parties' contractual remedies, only Sovereign Bank's replevin claim. Thus, the forbearance agreement remained enforceable after the sale because Sovereign Bank still had a right to enforce Integrated's payment obligations under the agreement. Accordingly, we affirm the judgment in favor of Sovereign Bank on the breach of contract claim.

## II. Damages

¶21　　　　The trial court awarded Sovereign Bank $129,932.64 in damages consisting of the payments due under the forbearance agreement, late penalties, and interest. Integrated argues that Sovereign Bank was only entitled to the damages caused by Integrated's failure to satisfy the forbearance conditions, which are limited, Integrated contends, to the rental value of the equipment during the three-month forbearance period or, alternatively, to the forbearance condition payments due during the three-month forbearance period.

¶22　　　　Integrated concedes, however, that Sovereign Bank is entitled to the benefit of its bargain. Sovereign Bank agreed not to enforce a judgment against VMC in exchange for payments from VMC. If VMC defaulted, Integrated agreed it would return the equipment or satisfy the forbearance conditions. Satisfying the forbearance conditions required payments totaling $127,703.76. Because the private sale did not affect Integrated's payment obligation, there is no basis for limiting Sovereign Bank's damages to the three-month period before Integrated purchased the equipment. Sovereign Bank was entitled to recover all of the payments still owed under the forbearance agreement. Accordingly, we affirm the judgment in favor of Sovereign Bank in the amount of $129,932.64.

¶23　　　　Integrated argues that Sovereign Bank could have purchased the equipment at the private sale or otherwise protected itself. But as

previously discussed, Integrated's contractual obligations were independent of any possible UCC rights Sovereign Bank may have had against VMC.

### III. Motion for New Trial

**¶24**      Integrated argues the superior court erred in denying its motion for new trial. We review the denial of a motion for new trial under an abuse of discretion standard. *Styles v. Ceranski,* 185 Ariz. 448, 450 (App. 1996). Having determined that the court properly granted summary judgment and awarded damages to Sovereign Bank, the trial court did not err in denying Integrated's motion for new trial.

### IV. Attorney Fees

**¶25**      Both parties asserted success and sought attorney fees under A.R.S. § 12-341.01.A. The trial court concluded Sovereign Bank was the successful party after considering the success of both parties' claims and "the relative significance of each claim to the litigation as a whole." The court also found Sovereign Bank was entitled to fees under § 7(b) of the forbearance agreement. "Determining 'who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it.'" *Berry v. 352 E. Virginia, L.L.C.,* 228 Ariz. 9, 13, ¶ 21 (App. 2011) (quoting *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430 (App. 1994)).

**¶26**      Although Integrated prevailed in its request for a declaration of equipment ownership after the private sale, the forbearance agreement allowed Integrated to retain the equipment and pay the forbearance conditions. The trial court's conclusion that Integrated owned the equipment did not defeat Sovereign Bank's claim for contract damages. The central issue in this litigation was whether and to what extent Integrated was obligated to Sovereign Bank. As to the that issue, the trial court concluded that Integrated owed Sovereign Bank damages and Sovereign Bank was thus the successful party. The award of attorney fees was therefore not an abuse of discretion. *See Berry,* 228 Ariz. at 13-14, ¶ 22, (holding in cases with competing claims, "trial court may apply a 'percentage of success' or 'totality of the litigation' test.").

**¶27**      Additionally, § 7(b) of the forbearance agreement contains a fee provision in Sovereign Bank's favor. This also supports the fees award to Sovereign Bank. On appeal, Integrated does not challenge the amount of fees awarded. Therefore, we affirm the award of attorney fees and costs to Sovereign Bank.

**CONCLUSION**

**¶28** We affirm the judgment and award of attorney fees in favor of Sovereign Bank. Both parties request an award of attorney fees on appeal pursuant to A.R.S. § 12-341.01.A. As the successful party on appeal, Sovereign Bank is awarded its reasonable attorney fees upon compliance with Arizona Rule of Civil Appellate Procedure 21. Sovereign Bank is also entitled to its costs on appeal pursuant to A.R.S. § 12-342 (West 2015).



Ruth A. Willingham · Clerk of the Court
FILED: ama